## KIMBALL vs. SPICER.

The decision in *Downie vs. Hoover*, *ante p.* 174, as to the right of a railroad company to assign the amount due to it on a stock subscription, referred to and followed.

Where the summons and complaint in an action showed that A was the plaintiff, and that he had a cause of action as the assignee of B, a statement that *B was the plaintiff* (occurring in a printed form which was used in drawing up the complaint) should be rejected as surplusage, and is not a ground of demurrer.

It is not necessary in a pleading to aver that a corporation whose name only has been changed, retains, under its new name, its former rights.

A complaint averred that the written promise sued upon had been assigned by the promisee to the plaintiff, who thenceforth continued "to hold, own and possess the same for the benefit of" a certain bank, and was entitled to the sum due "for the benefit of" said bank. *Held*, on demurrer, that the plaintiff was entitled to bring the action in his own name, as a trustee of an express trust.

APPEAL from the Circuit Court for *Kenosha* County.

This action was brought to recover the amount of a sub-

June Term, 1860.

KIMBALL
v.
SPICER.

scription made by the defendant to the stock of the Kenosha and Beloit Railroad Company. The complaint, after stating the contract of subscription, and the making and giving of notice to the defendant of various calls, under which the amount subscribed had become due, averred that afterwards the name of said railroad company was changed by an act of the legislature to the "Kenosha and Rockford Railroad Company," "by which name it from thence has been recognized, *and is the plaintiff in this action.*" It also averred that said Kenosha and Rockford Railroad Company afterwards duly assigned said stock subscription to the Kenosha, Rockford and Rock Island Railroad Company (a corporation organized under an act of the legislature authorizing the Kenosha and Rockford Railroad Company, in this state, and another corporation under the same name in Illinois, to consolidate), which afterwards duly assigned the same, for value received, to the plaintiff, "who from thence hitherto has continued to hold, own and possess the same for the benefit of the Kenosha County Bank, and is entitled to the money due thereon for the benefit of the Kenosha County Bank aforesaid."

The defendant demurred to the complaint, on the grounds that it did not show facts sufficient to constitute a cause of action, and that there was a defect of parties plaintiff, and urged in support of the demurrer, 1. That a stock subscription is not assignable, so that the assignee can bring an action to recover it in his own name. 2. That the complaint, in one part of it, alleges that the Kenosha and Rockford Railroad Company is the *plaintiff*, whereas *Kimball* is the plaintiff, as appears from the summons and from other parts of the complaint. 3. That the complaint states that the name of the Kenosha and Beloit Railroad Company was changed to the Kenosha and Rockford Railroad Company, without averring that the latter company succeeded to the rights of the former. The circuit court held that the third objection was well taken, and upon that point sustained the demurrer, with leave to amend. The plaintiff excepted to the order, and appealed.

*J. J. Pettit*, for appellant.

*O. S. & F. H. Head*, for respondent.

*By the Court*, COLE, J.    In the case of *Downie vs. Hoover* (unreported), this court held that a subscription to the capital stock of a railroad company could be assigned and transferred by the company like any other contract, and that the assignee could recover the amount of money due upon the same from the stock subscriber.    This fully disposes of the first objection to the complaint in this case, taken in the demurrer.

The second objection, that in the 18th folio of the complaint it alleges that the Kenosha & Rockford R. R. Co. *is the plaintiff in the action*, while it appears from other parts of the complaint and from the summons that *Kimball* was the plaintiff, certainly has no weight.    We agree entirely with the view of the circuit court upon this point, that those words were mere surplusage and should be disregarded.    It is easy to perceive that it was an oversight in the pleader, in not striking out those words from the printed form.    But they could do no harm.    Neither do we consider the third objection to the complaint well taken.    The complaint states that the corporate name of the Kenosha & Beloit R. R. Co. was changed by an act of the legislature to the name of the Kenosha & Rockford R. R. Co. ; and it is insisted that there should be an averment that the corporation by the latter name succeeded to all the rights and liabilities of the company by the former name.    The circuit court seemed to think some such averment necessary, and upon that ground sustained the demurrer, with leave to amend.    It appears to us, however, that such an averment would be a mere conclusion of law, and not a traversable fact, which should be stated in the complaint.    It is clear that the effect of the statute was merely to change the name and not the identity of the corporation, and of course such legislation could not change, alter or vary the legal rights and liabilities of the company.    But to aver this would be to plead a rule of law.

A still further objection has been taken to the complaint, namely, that *Kimball* could not maintain the action for the benefit of the bank.    Upon this point the complaint alleges, in substance, that the Kenosha, Rockford & Rock Island R. R. Co., by its duly authorized agent, and in pursuance of a

resolution of the board of directors, for value, &c., sold, assigned and transferred to the plaintiff in the action the stock subscription of the defendant, who from thence hitherto has continued to hold, own and possess the same for the benefit of the Kenosha County Bank, and is entitled to the sum of money due and owing from the defendant thereon, for the benefit of the Kenosha County Bank aforesaid. Now since section 12, chapter 122, R. S., 1858, requires every action to be prosecuted in the name of the real party in interest, it is contended that this action should have been brought in the name of the bank, instead of that of *Kimball*. But we are of the opinion that the allegations in the complaint bring the case strictly within section 14 of the same chapter, and enable *Kimball* to maintain the suit. Section 14 provides that an executor or administrator, a trustee of an express trust, or a person expressly authorized by statute, may sue without joining with him the person for whose benefit the action is prosecuted; and a trustee of an express trust, within the meaning of the section, shall be construed to include a person with whom, or in whose name, a contract is made for the benefit of another. Now since the complaint alleges that the stock subscription of the defendant was transferred and assigned to *Kimball* for the benefit of the bank, this constitutes him "a trustee of an express trust," within the meaning of the above section. (See *Grinnell vs. Schmidt*, 2 Sandf. R., 705.)

The order of the circuit court, sustaining the demurrer, must be reversed, and the cause remanded for further proceedings.