## HUBBARD vs. The TOWN OF LYNDON.

BOUNTY TAX — TOWN ORDERS — EVIDENCE. (1, 2) *By whom orders on bounty fund to be issued under ch.* 14, *Laws of* 1865. (3, 4) *Evidence of authority — Burden of proof.*

1. Ch. 14, Laws of 1865, authorizes only the board of supervisors of a town to issue orders for the amount of a bounty tax which the town has voted.
2. Such an order, issued without authority of the board, though payable to bearer, and signed by the chairman and countersigned by the clerk, is absolutely void, into whosesoever hands it may fall.

3. In an action upon a town bounty order regular in form, it was error to reject evidence for defendant that the order was issued upon a claim that had never been audited by the town board, such evidence tending to show that its issue was without authority of the board.

4. Whether plaintiff was bound in the first instance to show such authority affirmatively, is not here decided.

APPEAL from the Circuit Court for *Sheboygan* County.

The defendant appealed from a judgment in favor of the plaintiff. The case is stated in the opinion.

*B. Williams*, for appellant, argued that the authority of the town supervisors, under ch. 14, Laws of 1865, was special and particular, and they were required to act strictly on the conditions under which it was given (19 Wis., 281); that the money raised by the bounty tax was only to be paid to those who might enlist and be credited to the town; and that under the general denial defendant had a right to show (among other things) that the board of supervisors did not audit the claim and authorize the issue of the order, and that the order was not issued for the purpose of paying bounty to a person who enlisted and was credited to the town.

*Bentley & Seaman*, for respondent, argued that while ch. 13, Laws of 1862, provided for the auditing of claims which are the proper subject of audit, ch. 14, Laws of 1865, provided for the issuing of orders as *a security upon which to raise money*, and no auditing of such an order was required in order to constitute it a valid security; that such orders were negotiable, and had all the incidents of negotiability except in such particulars as appeared on the face of the paper itself (*Clark v. City of Des Moines*, 6 Am. Law Reg., N. S., 146, and authorities there cited; *Clark v. Janesville*, 10 Wis., 166–67; *Bushnell v. Beloit*, id., 230; *Rochester v. The Alfred Bank*, 13 id., 432); and that the plaintiff, as a *bona fide* holder of the order here in suit, was entitled to protection, provided the electors of the town had voted a tax for bounties, under the law, before the order was issued, and provided the town authorities had power under the law to issue such order.

LYON, J.   This action was brought to recover the amount of a town order, dated April 1st, 1865, drawn upon the treasurer of the defendant, the town of Lyndon, by the chairman of its board of supervisors, countersigned by its clerk, and made payable out of the bounty fund of the town to Charles G. Towsley or bearer.   The complaint alleges that the town issued the order, that the plaintiff is the owner thereof, that the same had been duly presented to such treasurer for payment, and that payment thereof was refused.

The answer avers, among other things not necessary to be here stated, that the order was issued without authority.   On the trial the plaintiff produced the order, and testified that it belonged to him; that he received it early in April, 1865; and that his impression was that he received it from the town clerk who countersigned it.   The plaintiff also put in evidence the records of a town meeting of the electors of the town of Lyndon, held February 24th, 1865, which meeting voted a bounty tax of $4,400 upon the taxable property of the town.   He also testified that he demanded payment of the order of the town treasurer, and that payment was refused on the ground that no bounty tax.had been levied.

The evidence fails entirely to show whether the plaintiff paid or the town received anything on account of the order; whether it was issued to pay a bounty to some particular recruit, or to sell in the market to raise money with which to pay bounties generally; or whether it was issued by the authority of the board of supervisors of the town, or without such authority.

The defendant offered testimony to show that "the claim upon which the order was issued was never audited by the supervisors of the town of Lyndon."   The court sustained an objection to such testimony, and directed a verdict for the plaintiff for the amount of the order.   From the judgment entered upon such verdict the defendant has appealed to this court.

The single question presented for our consideration is, whether the circuit court erred in rejecting the testimony thus offered by the defendant. This bounty tax was voted under the act of 1865 (Gen. Laws of 1865, ch. 14), which act authorized the board of supervisors of the town, and that body alone, to issue town orders for the amount of the tax which the town had voted. The chairman of that board and the town clerk had no power to issue the same until directed so to do by the board. Without such direction the order in suit is absolutely void in the hands of the plaintiff or of any other person. It is quite immaterial that it is payable to the bearer by its terms, and it would also be quite immaterial had the plaintiff proved affirmatively (which he did not) that he is a *bona fide* holder thereof for value, without notice that the board of supervisors of the town had never directed that it be issued. The order is, doubtless, clothed with some of the incidents of negotiability, but the idea that a town officer can, without authority, issue negotiable town orders, which, in the hands of a *bona fide* holder, will bind the town, is not to be tolerated for a moment. Persons dealing in these instruments must ascertain for themselves whether they are issued by competent authority, and a purchaser of a town order takes it at his peril of the fact. If not issued by competent authority, the town is not liable. The law is well settled that the officers of a town, or of any municipal corporation, cannot bind it, when they transcend their lawful powers. *Clark v. Des Moines*, 19 Iowa, 199; *Clark v. Polk County*, id., 248; and cases cited.

The testimony offered by the defendant and rejected by the court was to the effect, first, that the order in suit was issued in payment or on account of some claim against the town; and second, that it was issued without such claim having previously been audited by the town board of supervisors. This was substantially an offer to prove that such board had not authorized or directed the order to be issued. At least such testimony would tend to show that the order was issued without competent authority. We think that it should have been received.

We do not decide whether, in an action upon a town order, the burden of proof is upon the plaintiff to show that the order was issued by competent authority, or upon the town to show that it was not so issued. We only hold that when the town assumes the burden of proof, and offers testimony tending to show such want of authority, it is error to reject the testimony.

*By the Court.*— The judgment of the circuit court is reversed, and a new trial awarded.