The State ex rel. Mulholland vs. The County Clerk of Manitowoc County.

THE STATE ex rel. MULHOLLAND vs. THE COUNTY CLERK OF MANITOWOC COUNTY.

*December 20, 1879 — January 7, 1880.*

MANDAMUS.    (1) *Only one judgment for relator — for writ and costs.*
(2) *When the writ will not issue.*

1. After judgment (or order) awarding a peremptory *mandamus*, a separate judgment, in form, was entered for costs in favor of the relator; and the defendant appealed from the first-named judgment or order, and afterwards "from the whole judgment." *Held*, that there was in fact but a single judgment, awarding the writ with costs; and the first appeal is dismissed.
2. The county clerk has no legal authority to issue county orders except by express direction of the board of supervisors, by a "recorded vote" to that effect; and *mandamus* will not lie to compel him to issue them without such direction.

APPEAL from the Circuit Court for *Manitowoc* County.

The relator, the sheriff of Manitowoc county, presented for allowance certain accounts against said county to the board of supervisors thereof, at the annual session of the board in 1877. The board allowed the same at their face on the 15th of November in that year. During the same month, the county clerk, without any direction from the board, issued

county orders to the relator for the amount thus allowed, and the county treasurer paid such orders.

On the 21st of the same month, the board of supervisors reconsidered its action allowing the relator's accounts, and during the same session, on the first of December following, disallowed $193.62 thereof, and allowed the balance. At the same time, the board directed that county orders be issued for such balance; and, the relator having received the full amount of his claim, the board afterwards directed the district attorney to bring an action against him to recover the amount thus disallowed. No such action has been commenced.

At a special meeting of the board held in May, 1878, the relator presented other accounts for allowance, and these were duly allowed at $412.65. At the same time, the board, by resolution, directed that the said $193.62, and interest thereon, be deducted from the sum thus allowed, and that county orders be issued to the relator for the residue only. At the same meeting in May, and after the above action had been taken on the relator's accounts, the board resolved "that the chairman and clerk of this board be authorized to issue county orders to the several persons to whom claims have been allowed, in accordance with the action of this board during its present session." This was the last act of the board before it adjourned.

The county clerk obeyed the special direction of the board, and refused, on the demand of the relator, to issue orders for $200.29 of the sums thus allowed.

The relator sued out an alternative writ of *mandamus*, directed to the county clerk, commanding him to issue county orders for the sum last above named, or show cause to the contrary. The clerk made return thereto, and an issue was formed and tried, which resulted in a finding of the foregoing facts by the circuit judge. The judge's conclusions of law therefrom were, that the relator was entitled to a peremptory writ of *mandamus*, as prayed, and also to recover costs against the respondent therein, the county clerk.

The State ex rel. Mulholland vs. The County Clerk of Manitowoc County.

The judge signed a judgment or order awarding a peremptory writ, and at the same time signed separately a judgment for costs against said respondent. Both were duly entered.

The clerk first appealed from the judgment awarding the peremptory writ, and afterwards appealed from the whole judgment.

For the appellant, there was a brief by *Nash & Schmitz*, and oral argument by *L. J. Nash*.

For the respondent, there was a brief by *H. G. & W. J. Turner*, and oral argument by *W. J. Turner*.

LYON, J.   The two judgments in form, although separately signed by the judge, are in substance and effect but one judgment, and but one appeal therefrom will lie. We must therefore dismiss one of these appeals. *Young v. Groner*, 22 Wis., 205; *Mead v. Walker*, 20 Wis., 518. The judgment really is, that a peremptory *mandamus* issue to the appellant, with costs to be taxed against him. Upon the appeal from the whole judgment we must necessarily review that portion which awards a peremptory writ of *mandamus;* and the first appeal, which is confined to that portion of the judgment, is therefore superfluous.

On the merits of the case, the controlling question is: Has the county clerk power, and is it his duty, to issue the county orders which the relator seeks in this proceeding to compel him to issue? The question is easily answered. When the clerk refused to issue the orders demanded, the law was that " such clerk shall not sign or issue any county order except upon a recorded vote of the board of supervisors authorizing the same." R. S. 1858, ch. 13, sec. 59 (Tay. Stats., 308, § 85). Such is still the law. R. S., 249, sec. 709, subd. 3. See, also, Tay. Stats., 297, § 35, subd. 2; id., 301, § 49; R. S., 244, sec. 686. In the present case, not only was there no vote of the board of supervisors authorizing the clerk to issue the orders demanded by the relator, but he was expressly directed by the

board not to do so.   It is manifest that, had he issued the orders, he would have violated a positive provision of law.

The signing and issuing of county orders by the clerk, when authorized by the·board of supervisors, is purely a ministerial duty.   *State ex rel. Treat v. Richter*, 37 Wis., 275.   Unless he has such authority, he cannot lawfully sign and issue them, and a *mandamus* to compel him to do so will not be granted.

It is scarcely necessary to add that the resolution. of the board at the close of the May meeting, authorizing the chairman and clerk " to issue county orders to the several persons to whom claims were allowed, in accordance with the action of the board " at that meeting, was not a direction to issue orders to the relator for the full amount of his claim allowed by the board.   The special direction given in his case was not affected by the resolution, and orders were issued to him " in accordance with the action of the board."

We do not determine on these appeals what is the remedy of the relator, if he has a valid claim against the county; we only determine that on the case made by the record before us he has no remedy by a proceeding against the county clerk.

The appeal from the order awarding a peremptory writ of *mandamus* is dismissed.

On the appeal from the whole judgment, the judgment must be reversed, and the cause will be remanded with directions to the circuit court to dismiss the proceedings with costs.

*By the Court.* — So ordered.