ALEXANDER, Respondent, vs. ONEIDA COUNTY, Appellant.

*January 31 — February 25, 1890.*

*(1) Injunctional order: Modification by stipulation. (2) County orders: Sale: Statute of frauds. (3) Agency: Evidence. (4) Interest. (5) Evidence of demand. (6) Tender.*

1. An injunctional order restraining the owner of a county order from prosecuting an action against the county thereon, and restraining the county from paying such order, may be modified by a stipula-

tion between said owner and the plaintiff in the injunction suit so as to allow the action on the order to be prosecuted to judgment and be there stayed.

2. The plaintiff's agent, with money which had been left in his hands for that purpose, purchased and held for the plaintiff a county order indorsed in blank by the payee. *Held*, a valid sale under the statute of frauds (R. S. sec. 2308).

3. Such agency might be proved by parol. *Smith v. Bouck*, 33 Wis. 31, distinguished.

4. Under sec. 686, R. S., it was error, in an action on a county order, to direct a verdict including interest from the date of demand, especially where it did not appear that at that date there were funds on hand for payment of the order.

5. An indorsement on a county order, signed by the county treasurer, and reciting that the order was "presented for payment and refused for want of funds," is sufficient evidence of a demand and refusal which would justify the commencement of an action thirty days thereafter, under ch. 240, Laws of 1881.

6. A supplemental answer, filed after the cause was called for trial, alleged that the defendant now brings a certain sum into court ready to be paid to the plaintiff if he will accept it; and five days later the money was paid into court. *Held*, not a sufficient tender.

APPEAL from the Circuit Court for *Oneida* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

It appears from the record, and is undisputed, that September 7, 1887, the defendant duly made, executed, and delivered the following:

"$510.00.                    COUNTY ORDER.                    No. 56.

" *The Treasurer of the County of Oneida:* Pay to Daniel Graham or order the sum of five hundred and ten dollars, out of any money in the treasury not otherwise appropriated, for inspecting land in towns 49–10 and 43–8,— 85 days' labor.

" Given under my hand this 7th day of September, 1887.

                              " W. L. BEERS, Clerk.

                              " T. B. WALSH, Chairman."

Indorsement on back as follows: "Presented for payment, and refused for want of funds. Sept. 7, 1887. C. EBY,

Co. Treas." Daniel Graham's name was also written on the back of the order.

More than thirty days after said order was so presented and the payment thereof refused, the plaintiff, as indorsee and purchaser of said order, brought this action thereon. The original answer admitted the execution and delivery of the order, and otherwise was a general denial.

Upon the trial of this action the district attorney objected to the same on the ground that, in an action in favor of a third party against both the parties to this suit and others, the county had been restrained and enjoined from paying or authorizing the payment of the order or appropriating any money therefor, and the plaintiff herein had been restrained and enjoined from prosecuting this action or proceeding to judgment herein. Thereupon the plaintiff produced, read, and filed a stipulation, signed by his attorney in that action and by the attorneys for the plaintiff therein, to the effect that said injunctional order "be so far modified, without any formal order, that said actions may be noticed for trial and proceed to judgment therein without prejudice to plaintiff, and then further proceedings should be stayed therein until the further order of the court." Thereupon the court ordered the trial to proceed, and a jury was impaneled, when the defendant obtained leave to file, and did file, an amended or supplemental answer in the case, in effect alleging the granting and serving said injunctional order, May 15, 1888; that since the service of the same the defendant had at all times had ample funds in its treasury to pay and satisfy the same, and was and still is ready and willing to pay the same, and would have done so but for said injunction; "that this defendant now brings the sum of 510.00 dollars principal, and 16.06 dollars cost to this date, amounting to the sum of 526.06 dollars in the whole, into this court,— ready to be paid to the plaintiff if he will accept the same.

At the close of the trial, October 24, 1888, the court

Alexander vs. Oneida County.

directed the jury to return a verdict in favor of the plaintiff, and assess his damages at $550.36, which was done accordingly. October 29, 1888, the defendant deposited in court the sum of $526.06, as follows: For principal, $510, and for costs, $16.06, to satisfy the tender made in the supplemental answer; and a certificate of the clerk of such deposit was duly made, recorded, properly indorsed, and served on the same day. Thereupon the defendant, at the same term, moved the court, on the judge's minutes, to set aside the verdict and grant a new trial upon several grounds, and, among others, that the damages were excessive for the reason that they included interest, which motion was denied. Thereupon judgment was entered in favor of the plaintiff, for $550.36 damages, and $48.90 costs. From that judgment the defendant appeals.

*Levi J. Billings,* for the appellant.

For the respondent there was a brief by *Bump & Hetzel* and *S. M. Hoyt,* attorneys, and a separate brief by *Alban & Barnes,* of counsel, and the cause was argued orally by *John Barnes.* They contended, *inter alia,* that a correct construction of sec. 686, R. S., limits it to a prohibition against issuing interest bearing orders, and against the payment of interest when money is drawn out of the treasury upon the order. Where a county refuses to pay its orders and compels the holder to resort to the courts to enforce payment of the amount due him, no mere provision that no interest shall be *paid* on a county order can be held to exclude the addition of interest in the judgment.

CASSODAY, J. 1. Since parties are always at liberty to settle their own controversies and by stipulation discontinue their own actions, there would seem to be no valid reason why they may not by stipulation modify an injunctional order, as in the case at bar.

2. It is conceded that the payee of the order, Daniel

Graham, obtained a good title to the same. It is contended, however, that his attempt to pass the title to the plaintiff, without any written evidence of such contract of sale subscribed by him, was void under sec. 2308, R. S. But that section does not require a contract for the sale of things in action, for the price of $50 or more, to be in writing when the buyer accepts and receives the evidences, or some of them, of such things in action, nor when the buyer "at the time" pays the whole or some part of the purchase money. Here it appears from the undisputed evidence that the plaintiff left the money in the office of the witness Hoyt, and with it he purchased the order so indorsed by Graham for the plaintiff, and had held it for him, as agent, ever since, and that the plaintiff was the owner of the order at the time of the commencement of the action, and continued to be such owner. What was thus done by Hoyt as agent was, in legal effect, done by the plaintiff; and hence the acceptance and receipt of the order by Hoyt was the acceptance and receipt of the same by the plaintiff.

Counsel seems to think that the fact of such agency, in such a case, could not be established by parol evidence. But the cases cited by him fail to sustain his contention. In *Smith v. Bouck*, 33 Wis. 31, an attempt was made to establish agency by implication in a transaction where each party was manifestly acting for himself. It is there conceded that such agency, to be valid and sufficient in such case, must have been created or the agent designated by some separate and distinct act or appointment of the buyer. It is not there held that such separate act or appointment must be in writing. Here, Hoyt became the agent for the purpose of making the purchase when the money was left with him for that purpose; and hence the act of his appointment as agent constituted no part of the contract of purchase. We have no doubt of the competency of such

parol evidence. The essential thing, to pass the title on such purchase by delivery, is for the seller to relinquish and surrender all possession and control of the thing sold, and for the buyer to obtain complete possession and control of the same; and this, as observed, may be done by his agent for him, as well as by himself. *Somers v. McLaughlin*, 57 Wis. 358. Besides, the purchase of the order by Hoyt, with money left with him for that purpose by the plaintiff, seems to imply the payment of the purchase price at the time. We must hold that the evidence shows title to the order in the plaintiff.

3. We are convinced that the court erred in directing a verdict for $40.36 interest in addition to the amount named in the order. Especially is this so since it was not made to appear that, at the time the order was presented for payment and payment refused, there were sufficient funds in the treasury for that purpose to pay the same. The statute is explicit, and leaves no room for construction nor possibility of evasion. "No county board shall issue a greater amount of county orders than the amount of the county taxes levied in such county for such year; *and no interest shall ever be paid by any county on any county orders.*" Sec. 686, R. S. Both Graham and the plaintiff accepted the order subject to this condition. We are inclined to think the evidence of demand and refusal was sufficient to justify this suit to be commenced on the order thirty days thereafter, within the meaning of sec. 929*a*, S. & B. Ann. Stats.; ch. 240, Laws of 1881.

The offer of tender was clearly insufficient.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.