BROWN, Respondent, vs. THE TOWN OF JACOBS, Appellant.

*April 30 — May 20, 1890.*

*Town orders: Pleading: General or special fund.*

1. In an action upon town orders signed by the chairman of the town board, countersigned by the town clerk, and purporting on their face to have been issued for demands against the town, the complaint need not allege that the claims of the persons to whom the orders were issued were audited by the town board, or that the board authorized the clerk to issue the orders.
2. Town orders payable " out of any moneys in the town fund not otherwise appropriated" are not drawn upon a particular fund, and in an action thereon it need not be alleged that there are moneys in the town funds out of which they could be paid.

APPEAL from the Circuit Court for *Ashland* County.

Action upon several town orders, payment of which had been refused. Each of the orders was in form like the following:

" $61.50        TOWN ORDER.        No. 1,038.

" Glidden, Ashland Co., Wis., July 15, 1889.

" *To the Treasurer of the Town of Jacobs:* Pay to Thomas McQueen or bearer the sum of sixty-one and 50-100 dollars out of any moneys in the town fund not otherwise appropriated, being for assessing. C. W. KLINE, Chairman.

" Countersigned: P. J. SCALLON, Town Clerk."

The defendant appeals from an order overruling a general demurrer to the complaint.

For the appellant there was a brief by *Cole & O'Keefe*, attorneys, and *Tomkins, Merrill & Smith*, of counsel, and oral argument by *Rublee A. Cole* and *W. M. Tomkins*,

For the respondent there was a brief by *Weisbrod, Thompson & Harshaw*, and oral argument by *A. E. Thompson*.

COLE, C. J.   This is an action brought upon several town orders which were drawn upon the town treasurer and were made payable "out of any moneys in the town fund not otherwise appropriated." The orders are signed by the chairman of the town board, and are countersigned by the town clerk, and purport on their face to have been issued for a demand against the town. The main objection taken to the complaint is that it is defective because it does not allege that the claims of the persons to whom the orders were issued were audited and allowed by the town board of the town, or that the board authorized the clerk to issue the orders. The objection we consider entirely untenable. The presumption is that the claims were audited and allowed as just claims against the town; otherwise the officers of the town would be guilty of a gross violation of legal duty in issuing orders for their payment. The holder of the orders would certainly show a *prima facie* case against the town when he presented the orders, and would not be bound to show in the first instance that the orders were issued on a claim which had been lawfully audited, or that the clerk was authorized to issue the orders. *Prima facie* the orders were valid obligations against the town, and the clerk was authorized to issue them.

The case of *Hubbard v. Lyndon*, 28 Wis. 674, contains nothing in conflict with this view. There, on the trial, the defendant offered to show that the order in suit was issued in payment of a claim against the town, which claim had not previously been audited by the town board, and the evidence was rejected. This court held that the evidence

should have been received, because it tended to prove that the order was issued without competent authority.

We cannot presume, upon the facts stated, that the board did not audit the claims for which the orders were issued, or that the clerk issued the orders without authority of law. This would be proper matter of defense, if true, to excuse the failure to pay the orders when demand was made for their payment. It certainly is not necessary for the plaintiff to aver that the accounts for which the orders were issued had been properly audited, and allege that the board had authorized the issuing of the orders.

The objection that the orders were drawn upon a particular fund is clearly untenable. The orders are payable out of any moneys in the town fund not otherwise appropriated. They are payable out of a general fund of the town. The defendant should have funds to pay all orders, or should at least have voted a tax to pay them. Sec. 823, R. S.; *Montague v. Horton*, 12 Wis. 668.

*By the Court.*— The order of the circuit court is affirmed, and the cause remanded for further proceedings.