REICHERT, Respondent, vs. MILWAUKEE COUNTY, Appellant. ZAUTCKE and others, Respondents, vs. MILWAUKEE COUNTY, Appellant.

*October 30—December 8, 1914.*

*Counties: Liability for interest: Purchase of lands: Delay in payment: Refusal of clerk to issue county orders: When county in default: Approval of abstract of title: Officers: Powers and duties.*

1. With reference to liability to pay interest as damages, a county is not upon the same footing as an individual or a private corporation.
2. The powers of county officers derived from the legislature cannot be enlarged, narrowed, or taken away by action of the county board, except as the legislature has authorized such enlargement or limitation.
3. Thus, although the county board is given power to contract and to authorize and require the making and delivery of county orders, and the duty of the county clerk in signing and delivering such orders is ministerial, the clerk may refuse to sign and deliver an order not legally authorized.
4. Every ministerial officer in the performance of purely ministerial acts is required, at his peril, to interpret the statute, or the order made in pursuance thereof, imposing a duty upon him and calling for action on his part. His decision if erroneous does not exempt him from liability in an action, but if correct is sufficient to defeat an action against him.
5. A resolution of a county board accepting an offer to sell land directed delivery of a county order for the purchase price upon approval by the district attorney of an abstract of title and tender of an approved conveyance. Consummation of the purchase hav-

ing been temporarily enjoined in a taxpayer's action, when the vendors tendered an approved abstract and conveyance the county clerk refused to issue the order. About five months later, after discontinuance of the injunction suit, the county board again directed issuance of a county order as provided in the previous resolution. The vendors again prepared a conveyance and an abstract brought down to date, but with only the former approval of the district attorney. The clerk, who knew that another taxpayer's action was to be commenced, again refused to issue the order. The second taxpayer's action was begun on that day and notice of *lis pendens* filed. On the next day the district attorney, having found such notice on file, refused to approve the abstract. *Held*, that the second refusal of the clerk to issue the order was proper because (1) knowing of the action to be brought, he had a right to take a reasonable time to investigate and obtain advice in the matter, and (2) the previous approval of the abstract, given five months before, was not sufficient under the resolution of the county board.

6. Pendency of the second taxpayer's suit was a sufficient ground for the refusal of the district attorney to approve the abstract.

7. The vendors, having failed to procure and present a proper approval of the abstract by the district attorney as required by the resolution of the county board, were not entitled to a county order at that time and the county was therefore not then in default nor was it liable to pay interest as damages when, after dismissal of the second taxpayer's action, the purchase was consummated and county orders issued for the purchase price.

8. Although as to one of the tracts to be purchased the resolution of the county board (passed in June, 1907) directed that upon approval of the abstract, etc., a county order be delivered for a part of the purchase price and that the balance be paid "on or before March 1, 1908, with interest at four per cent.," payment of such balance as well as delivery of the county order was conditioned upon approval of the abstract, and such approval not having been obtained prior to the taxpayer's action the county was not liable for interest.

APPEALS from judgments of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Reversed.*

These are separate appeals from two several judgments. The respondent *Reichert* filed with the county board of the appellant county a claim for allowance of interest based upon the facts hereinafter stated, and from a disallowance of that

claim he appealed to the circuit court, which allowed the claim and gave him judgment thereon.    The county appeals to this court.    The claim of *Zautcke* and others was of the same kind, took the same course, with the same result.    The liability of the county for interest is predicated upon the following facts:

The county board of *Milwaukee County,* acting under authority of ch. 356, Laws of 1903, proceeded to acquire a tract of land as a site for the house of correction.    The county advertised for proposals for a farm containing a stone quarry and suitable for the relocation of the house of correction. Among other sites offered was one by *Zautcke* and others of about 210 acres for $115,000, and one by the respondent *Reichert* of about eighty acres, finally offered for $47,320. On June 25, 1907, the county board adopted a resolution to buy these tracts at the figures aforesaid.    The respondents had each offered in writing to convey their respective tracts to the county by proper deeds of conveyance free and clear from all valid incumbrances.    The resolution accepting this offer contained the following:

"Further resolved, that upon the approval by the district attorney of abstract of title to said lands, offered by said *Johanna Zautcke* and others, and of the form of conveyance of said lands to said county, proposed to be made by them, and proper tender of said conveyance duly executed by said *Johanna Zautcke* and others, a county order in due form be delivered to said *Johanna Zautcke* and others, or their properly authorized attorneys, for the sum of one hundred and fifteen thousand ($115,000) dollars."

A like resolution was adopted concerning *Reichert's* tract, except that the county order to him was required to be for the sum of $35,000, and that the further sum of $12,320 was to be paid to him on or before March 1, 1908, with interest at four per cent.    On July 10, 1907, one T. J. Neacy began a taxpayer's suit against the vendors mentioned, the county, and its clerk and treasurer, attacking the attempted

purchases as illegal on various grounds, and in that suit Neacy obtained a temporary injunctional order restraining the consummation of these purchases. This order remained in force and this taxpayer's suit pending until December 10, 1907, when the suit was discontinued by stipulation of parties, and on December 23, 1907, another like taxpayer's action was begun by Mr. Neacy in which it was sought to rescind these purchases. This last mentioned case was decided against the taxpayer and afterward found its way to this court, where that decision was affirmed. *Neacy v. Milwaukee Co.* 144 Wis. 210, 128 N. W. 1063. While this first taxpayer's action was pending and the injunctional order in force and on July 13, 1907, as to the *Zautcke* tract, and July 27, 1907, as to the *Reichert* tract, the district attorney by written communication to the county clerk approved the title of the vendors with some provisions relative to the release of outstanding mortgages on the *Zautcke* tract, and closed his approval with this condition: "Provided no additional conveyances or incumbrances shall have been recorded at the time the purchase is consummated." On July 27, 1907, each of the vendors tendered to the county clerk an abstract of title brought· down to that date, together with executed deeds and releases of mortgages and the writings mentioned containing the approval of district attorney of title and conveyances, and demanded county orders, but the county clerk, believing himself bound by the injunction, refused to issue any county order to either vendor. On December 10, 1907, after the discontinuance of the injunction suit, the county clerk asked the district attorney for advice respecting his duty to issue county orders under the resolution of June 25th, above quoted. December 11, 1907, the district attorney advised the clerk in writing to the effect that the *Zautcke* resolution was irregular because it did not name the persons to whom the county orders should issue and that the clerk should await the next meeting of the

county board, to be held within a few days, when a proper resolution could be passed. Both tracts were to constitute the selected site. December 17, 1907, the county board, then in session, to conform to the last mentioned opinion of the district attorney adopted a resolution as follows:

"Resolved, that the chairman of this board and the county clerk be and they are hereby directed to sign and issue two county orders, one to *Johanna Zautcke* and others (*Amelie Wild, Ellen Heinrich, Laura P. Clinton, Louise Zautcke* and *Frederick J. Zautcke*) and one to *C. K. Reichert* as provided for by the resolution of the Supervisor Jeske, passed by this board on June 25, 1907, and appearing on pages 407 and 408 of the printed proceedings of this board for said day."

December 23, 1907, at the end of the five days provided by statute, each of the vendors again presented to the county clerk an abstract of title brought down to that date and also deeds of conveyance and releases of mortgages and the former approvals of the district attorney of date July 13 and July 27, 1907, and demanded the county orders described in the resolution of December 17, 1907. The county clerk refused to sign or deliver the orders, and the circuit court in the instant cases found that this was because the district attorney had information of the contemplated taxpayer's suit by Mr. Neacy to rescind the contracts of purchase, and we assume such finding to be correct. The uncontroverted evidence, however, shows that the county clerk had in fact another reason, namely, the lack of approval by the district attorney later than July 27, 1907. December 23, 1907, about an hour and a half after the tender to and demand upon the county clerk, Neacy commenced his second taxpayer's suit to rescind the contract of purchase and filed his notice of *lis pendens* with the register of deeds of the county. December 24, 1907, the abstracts and conveyances tendered on the day preceding were by the vendors submitted to the district attorney for approval, and the latter, having found the notice of *lis pendens* on file and the taxpayer's action pending, by written com-

munication to the county clerk dated December 28, 1907, expressly withheld his approval. January 7, 1908, the county clerk notified the county board in writing of the pendency of the second taxpayer's suit, and the board thereafter in various ways approved of and ratified the action of the county clerk in refusing to execute and deliver the county orders. After the decision in *Neacy v. Milwaukee Co.* 144 Wis. 210, 128 N. W. 1063, the county orders for the principal sum due each of the vendors under the contracts of purchase were issued, delivered, and paid, but under a stipulation that the vendors did not thereby waive their right to recover interest. if by law they were entitled to such interest. The *Zautcke* contract contained no provision covering the matter of interest and was for the payment of $115,000. The *Reichert* contract was like the *Zautcke* contract as to the first $35,000, but there was also a provision for a further and deferred payment of $12,320, which it was agreed should bear interest at four per cent. The judgment and findings in the second taxpayer's suit were offered in evidence. It was there found, among other things, that there was no fraud or undue influence which avoided the purchases, but the price agreed to be paid was about $170 per acre above the real value of the land and exorbitant; that the real value of the land was $400 per acre; nevertheless that a valid contract existed between the vendors and the county and that the vendors made the tender of deeds as stated and performed all the covenants on their part to be performed, but that it was the duty of the county clerk to refuse to deliver the county orders to the vendors until the taxpayer's suit was decided. The parties here before the court were parties to the suit in which such findings were made.

The judgments appealed from give each of the respondents interest at the legal rate of six per centum from December 23, 1907.

For the appellant there was a brief signed by *Lyman G.*

*Wheeler,* special assistant district attorney, and oral argument by *Mr. Wheeler.* To the point that in performing public functions a county cannot be mulcted in damages because some elective or appointive officer fails to do his duty, he cited 6 McQuillin, Mun. Corp. §§ 2605, 2622 *et seq.;* 4 Dillon, Mun. Corp. (5th ed.) §§ 1636–1640; *Kuehn v. Milwaukee,* 92 Wis. 263, 65 N. W. 1030; *Randles v. Waukesha Co.* 96 Wis. 629, 71 N. W. 1034; *Hawkins v. U. S.* 96 U. S. 689, 691.

For the respondents there was a brief by *Adolph Huebschmann,* attorney for *Reichert,* and *Schmitz, Wild & Gross,* attorneys for *Zautcke* and others, and oral argument by *Mr. Huebschmann, Mr. A. J. Schmitz,* and *Mr. Robert Wild.* They contended, *inter alia,* that a municipal corporation is bound by all contracts which it may legally enter into in like manner as a private corporation or an individual. 20 Am. & Eng. Ency. of Law (2d ed.) 1156, 1157; *Washburn Co. v. Thompson,* 99 Wis. 585, 75 N. W. 309; *Weston v. Syracuse,* 158 N. Y. 274, 53 N. E. 12; *Steffen v. St. Louis,* 135 Mo. 44, 36 S. W. 31; *Murray v. Kansas City,* 47 Mo. App. 105; *Frederick v. Douglas Co.* 96 Wis. 411, 71 N. W. 798. As to matters within the scope of their powers and powers of their officers, municipal corporations may be estopped under the same circumstances and upon the same principle as natural persons. *First S. & T. Co. v. Milwaukee Co.* 158 Wis. 207, 148 N. W. 22; *Houfe v. Fulton,* 34 Wis. 608; *Kneeland v. Gilman,* 24 Wis. 39, 42; *Codner v. Bradford,* 3 Pin. 259.; *Witter v. Grand Rapids F. M. Co.* 78 Wis. 543, 47 N. W. 729; *Dorner v. School Dist.* 137 Wis. 147, 118 N. W. 353; *Koch v. Milwaukee,* 89 Wis. 220, 228, 62 N. W. 918; *McGillivray v. Joint School Dist.* 112 Wis. 354, 367, 88 N. W. 310; *Mills v. Gleason,* 11 Wis. 470; *Balch v. Beach,* 119 Wis. 77, 83, 95 N. W. 132; *Uncas Nat. Bank v. Superior,* 115 Wis. 340, 351, 91 N. W. 1004; *Monroe W. W. Co. v. Monroe,* 110 Wis. 11, 85 N. W. 685; 16 Cyc. 781; *Thomson v. Elton,*

109 Wis. 589, 593, 85 N. W. 425. In this state interest is allowed on contract obligations, not as a penalty, but as compensation for the retention by the debtor of money to which the creditor was entitled. *Laycock v. Parker,* 103 Wis. 161, 79 N. W. 327; *J. I. Case P. Works v. Niles & S. Co.* 107 Wis. 9, 82 N. W. 568; *Remington v. E. R. Co. of Minn.* 109 Wis. 154, 84 N. W. 898, 85 N. W. 321; *Shaw v. Gilbert,* 111 Wis. 165, 86 N. W. 188. That counties are liable for interest upon contract has been held in the following cases: *Land, L. & L. Co. v. Oneida Co.* 83 Wis. 649, 53 N. W. 491; *Rice v. Ashland Co.* 114 Wis. 130, 89 N. W. 908; *Spooner v. Washburn Co.* 124 Wis. 24, 102 N. W. 325. Against a city: *Kluender v. Milwaukee,* 57 Wis. 636, 15 N. W. 805; *Pruyn v. Milwaukee,* 18 Wis. 367; *Milwaukee v. Milwaukee Co.* 114 Wis. 374, 90 N. W. 447; *Appleton W. W. Co. v. Appleton,* 136 Wis. 395, 117 N. W. 816; *Eau Claire v. Eau Claire W. Co.* 137 Wis. 517, 541, 119 N. W. 555. As against a town: *Mills v. Jefferson,* 20 Wis. 50; *Packard v. Bovina,* 24 Wis. 382.

TIMLIN, J. These cases are argued by counsel for respondents and seem to have been decided by the court below upon the hypothesis that a county which is party to a land contract is under the same liability to pay interest as damages for delay as is a natural person under similar circumstances. This is erroneous. Indeed, there is a respectable array of authority to the effect that a county, being merely an arm or agency of the state, has, at least when carrying out a function of the state, the same exemption from liability for interest as has the state. *Seton v. Hoyt,* 34 Oreg. 266, 55 Pac. 967, 43 L. R. A. 634, 75 Am. St. Rep. 641; *Garland Co. v. Hot Spring Co.* 68 Ark. 83, 56 S. W. 636; *Clay Co. v. Chickasaw Co.* 64 Miss. 534, 1 South. 753; *National Bank v. Duval Co.* 45 Fla. 496, 34 South. 894; *Madison Co. v. Bartlett,* 2 Ill. 67, and subsequent Illinois citations.

Our court, however, has never gone so far, but has recognized the liability of a county to pay interest as damages in certain cases. In *Alexander v. Oneida Co.* 76 Wis. 56, 45 N. W. 21, it was held that proof of neglect to pay a county order after a proper demand and refusal did not authorize a court to award interest as damages against a county. In *Land, L. & L. Co. v. Oneida Co.* 83 Wis. 649, 53 N. W. 491, it was held that the county board might allow the towns in that county interest on the amounts due to such towns from the county. In *Mueller v. Cavour,* 107 Wis. 599, 83 N. W. 944, interest against a county was denied on a county order. In *Rice v. Ashland Co.* 114 Wis. 130, 89 N. W. 908, interest was allowed against the county in an action for money had and received. In *Spooner v. Washburn Co.* 124 Wis. 24, 102 N. W. 325, interest was allowed after demand and refusal in an action upon an account by a town against the county. In *Rider v. Ashland Co.* 87 Wis. 160, 58 N. W. 236, interest against a county was allowed *sub silentio.* In *Quigg v. Monroe Co.* 134 Wis. 122, 113 N. W. 723, the question is left in doubt. In *Voigt v. Milwaukee Co.* 158 Wis. 666, 149 N. W. 392, where a statute authorized a recovery of damages against a county, it was held that this carried interest on such damages from the time when inflicted.

The legal character of a county is set forth and prior decisions in this state bearing upon the subject collected in *Frederick v. Douglas Co.* 96 Wis. 411, 71 N. W. 798. 1 Dillon, Mun. Corp. §§ 23 and 25, is quoted in support of the following: "They are purely auxiliaries of the state; and to the general statutes of the state they owe their creation, and the statutes confer upon them all the powers they possess, prescribe all the duties they owe, and impose all liabilities to which they are subject." The last member of this compound sentence is not strictly accurate. If it were it would dispose of this case at once, for there is no statute imposing any liability upon the county for interest in such case. Sec. 686,

Stats., requires claims against the county to be allowed by the county board, which shall direct a county order to be drawn on the treasurer in favor of the claimant. No such order, except for the per diem and mileage of the members of the board, is to be drawn within five days after the allowance of the claim, and no interest shall ever be paid by any county on its orders. Sec. 685 provides that upon trial in the circuit court of an appeal from a resolution of the county board rejecting a claim, no interest shall be recovered by the plaintiff upon any sum allowed by the county board and for which orders were drawn. Sec. 676 provides that no action shall be brought or maintained against a county upon any account, demand, or cause of action when the only relief demandable is a judgment for money, unless the county board shall consent and agree to the institution of such action, or unless such claim shall have been duly presented to the board and the board shall have failed to act upon the same within the time fixed by law. But it is therein provided that no action shall be brought upon any county order until the expiration of thirty days after a demand for the payment thereof has been made. Because another statute requires that all judgments bear interest, and apparently in order to prevent transforming a county order into a judgment so as to make it bear interest, it is further provided that if an action be brought on a county order and the county fails to appear and there is no proof of such thirty-day demand, the court, or the clerk thereof, shall not permit judgment to be entered, and if judgment be entered thereon the judgment shall be absolutely void. It was said in *Mueller v. Cavour*, 107 Wis. 599, 83 N. W. 944, that interest is not recoverable upon town or county orders, the former by common law, the latter by common law and statute. Town orders have been considered in *Packard v. Bovina*, 24 Wis. 382; *Brown v. Jacobs*, 77 Wis. 29, 45 N. W. 679; and *Marvin v. Jacobs*, 77 Wis. 31, 45 N. W. 679.

These statutes and decisions furnish very significant indi-

cations that a county, with reference to liability for interest, is not on a par with a natural person or with a private corporation. In the case of a natural person failing in a suit for rescission, as this county did in *Neacy v. Milwaukee Co.* 144 Wis. 210, 128 N. W. 1063, equity would have closed the controversy then and there by decreeing a recovery of the purchase money with or without interest, as the case might be, and the question of the liability of the purchaser for interest would in that suit have been finally adjudicated. There are essential differences between a county and a private corporation or a natural person relative to liability for interest or damages which cannot be disregarded. The county acts through its officers as agents, but agents not of its own choice or creation. These officers are agents who represent the county in the transaction, but have their authority conferred and limited by act of the state through its legislature. Each has his appointed field of action, not created, limited, or expanded by act of the county or by usage or by contract obligations. Within the scope of the authority conferred by the legislature the county, through its board of supervisors, may by its acts arouse official action and official duties upon the part of other county officers, but the powers of the latter derived from the state legislature may not be taken away or narrowed by action of the county board nor enlarged except in cases in which the legislature has authorized such limitation or enlargement. For illustration: Although the county board is given power to contract and to authorize and require the making and delivery of county orders, and the duty of the county clerk in signing and delivering such orders is ministerial (*State ex rel. Treat v. Richter,* 37 Wis. 275), the clerk may refuse to sign and deliver an order not legally authorized (*State ex rel. Mulholland v. County Clerk,* 48 Wis. 112, 4 N. W. 121), and if he fail to take objection in such case the treasurer may refuse to pay such order after it is issued and delivered (*Doyle v. Gill,* 59 Wis. 518, 18 N. W. 517).

Every ministerial officer in the performance of purely ministerial acts is required, at his peril, to interpret the statute, or the order made in pursuance thereof, imposing a duty upon him and calling for action on his part. His decision if erroneous does not exempt him from liability in an action, but his decision if correct is sufficient to defeat an action against him. When on December 23, 1907, the tender of conveyances with abstracts brought down to date and the five-months-old approval of the district attorney was made to the county clerk and a county order demanded, he had two reasons for refusing to issue it, each of which was sufficient. (1) He knew of the taxpayer's suit about to be commenced against him and against the vendors. and the county and he was under no obligation to join in a scramble to get out this county order ahead of the taxpayer's suit, but might take a reasonable time to investigate and take counsel in the matter. One day's time for that purpose would not be unreasonable. (2) He had a right to interpret and did interpret correctly the resolution of the county board requiring the approval of the district attorney. This condition of his issuing the order was not satisfied by an approval five months old, even though the abstract were continued down to date. There must have been a certificate of its continuance down to date which the district attorney had never seen. The clerk was not obliged to take the chances of the death, marriage, or insanity of one of the grantors occurring during the five months in question and not yet made a matter of record. Nor was he required to take the chances of unrecorded conveyances to purchasers in possession who might have come in during said five months. He was not required to pass upon the sufficiency of the certificate of the abstractor made and annexed since the district attorney had seen the abstract and relating to the abstract as brought down to date. The responsibility of determining the sufficiency of the title was by the resolution of the county board not cast on him but upon the district attorney. The

statute made the district attorney the advisor of the board. Sec. 752, Stats. The county board had power to purchase this land, to be paid for subject to the district attorney's approval of the abstract of title and the conveyances. The clerk promptly sought the advice of the district attorney, and the latter on December 28, 1907, refused to approve the title or conveyance on account of the then pending taxpayer's action. This was sufficient ground for the refusal of the district attorney to approve of the abstract of title and the tendered conveyance. The respondents having failed to present to the county clerk such approval by the district attorney as the resolutions of June 25th and December 17th, properly interpreted, required, were not entitled to a county order at that time, and the county was not in default or liable to pay interest as damages. The county had discretion to withhold approval, acting in this through the district attorney. It is also noteworthy that if the respondents had received the county orders demanded on December 23, 1907, they could collect no interest on such orders and could not sue on them for thirty days, and then would have to meet the taxpayer's suit for a rescission. This alone would show the judgments appealed from to be erroneous, at least as to thirty days' interest. But we prefer to rest the case on the broader ground that the respondents failed to comply with the resolution of the county board properly interpreted, and procure an approval of the district attorney such as those resolutions required. This will result in the dismissal of *Zautcke's* case with costs. The county was not in default, hence cannot be required to pay interest as damages. The *Reichert* claim in part rests upon slightly different grounds. As to the interest on $35,000 of his claim it is identical with the *Zautcke* claim. These resolutions requiring approval by the district attorney were contained in and part of the resolution of the county board accepting the offers of *Zautcke* and others and *Reichert*. There was therefore no performance upon the part

of either of those vendors until they complied with these reso-
lutions.   As to *Reichert* the first resolution reads as follows:·

"That upon the approval by the district attorney of ab-
stracts of title to said lands, offered by the said *Conrad K.
Reichert,* and of the form of conveyance of said lands to said
county, proposed to be made by him, and proper tender of
said conveyance duly executed by said *Conrad K. Reichert,*
a county order in due form to be delivered to said *Conrad K.
Reichert,* or his properly authorized ,attorney, for the sum of
thirty-five thousand ($35,000) dollars be, and that the fur-
ther sum of twelve thousand three hundred and twenty
($12,320) dollars be paid' to said *Conrad K. Reichert* on or
before March 1, 1908, with interest at four per cent."

The payment of this sum as well as the delivery of the
county order was conditioned upon the approval of title and
conveyance by the district attorney. as stated.   This approval
was not obtained as stated, nor an abstract and conveyance
with such approval tendered, nor was the approval unlaw-
fully withheld, hence the $12,320 with interest thereon at
four per cent. did not become due to *Mr. Reichert* on Decem-
ber 27, 1907, or at any time prior to the disposition of the
taxpayer's suit.   It follows that the judgment in favor of
*Reichert* must also be reversed with costs and his case dis-
missed.

*By the Court.*—It is so ordered.

SIEBECKER, KERWIN, and BARNES, JJ., dissent.