EUGENE R. DUMAS, Corporation Counsel Sauk County
You ask whether court commissioners have the power to officiate at marriages outside the county for which they were appointed. In my opinion, such power does not exist.
The powers of county officers are "conferred and limited" by statute. Reichert v. Milwaukee County, 159 Wis. 25, 35,150 N.W. 401 (1914). Court commissioners have only such powers as the statutes confer. Bicknell v. Tallman, 3 Penn. 388, 389 (1852).
Among the persons authorized to officiate at marriages in the statute on marriages are "family court commissioner[s] appointed under s. 767.13 or court commissioner[s] appointed under s.757.68." Sec. 765.16(5), Stats. Concomitantly, court commissioners are given the power to officiate at a marriage ceremony in the statute dealing with the duties and powers of court commissioners. Sec. 757.69(3)(a), Stats. Family court commissioners have the powers of a regular court commissioner. Sec. 767.13(1)(b), Stats. Therefore, family court commissioners, through section 757.68(3)(a), Stats., are clearly empowered to officiate at marriage ceremonies.
While the statutes are redundant in the conferral upon court commissioners of the power to officiate at marriages, the statutes are silent with respect to the locus of the exercise of that power. No statute suggests that the Legislature intended for court commissioners to exercise any of their powers, including the power to officiate at marriages, outside of their territorial jurisdiction. On the contrary, several statutory references imply *Page 17 
a limitation on the territorial scope of those powers. Some examples are noted in your letter.
Section 757.68(1) provides that "[e]ach court commissioner shall take and file the official oath in the office of clerk of the circuit court of the county for which appointed before performing any duty of the office." Section 767.13(1)(a) provides that "the circuit judges for the county . . . shall . . . appoint some reputable attorney . . . as the family court commissionerfor the county." Section 767.13(3) provides that the family court commissioner for Shawano County is the family court commissioner "for Menominee County." From these references, I do not doubt that the Legislature intended court commissioners and family court commissioners to be county officials empowered to act in their county of appointment.
As you note in your letter, the prohibition against extra-territorial action was at one time constitutional. Wisconsin Constitution article VII, section 23, dealing with court commissioners, provided: "The legislature may provide for the appointment of one or more persons in each organizedcounty, and may vest in such persons such judicial powers as shall be prescribed by law; provided, that such powers shall not exceed that of the judge of the circuit court at chambers." InFenelon and wife v. Butts, imp., 49 Wis. 342, 346
(1880), the court construed the emphasized language as implying a territorial limitation on the exercise of a court commissioner's power. Wisconsin Constitution article VII, section23 was repealed in 1977. Thus, no explicit prohibition against extraterritorial activity exists, and the Legislature could by statute empower court commissioners to act outside their counties of appointment. The Legislature has not done so however.
It is also worth noting that a prior statute on whom can officiate at marriage ceremonies allowed that power to be exercised by a "court commissioner in the county in which he is elected or appointed." Sec. 245.05, Stats. (1957). This statute was repealed and for many years court commissioners did not have *Page 18 
any power to officiate at marriages. See 65 Op. Att'y Gen. 8, 9 (1976). One might argue that when the Legislature again empowered court commissioners to officiate at marriages, through the creation of section 757.69(3)(a), it evidenced an intent to not territorially restrict the exercise of the power. I have considered, but have found unpersuasive, such an argument. All of the powers of court commissioners are stated without regard to territorial exercise. One probably would not contend that a court commissioner could conduct court proceedings outside the county of his or her appointment. That the statute with respect to marriage ceremonies once contained a territorial restriction which no longer exists is insufficient authority to impute to the Legislature the intent to allow court commissioners to perform marriages outside their home counties.
 One final point should be addressed. Section 765.22
provides:
 No marriage hereafter contracted shall be void by reason of want of authority or jurisdiction in the officiating person solemnizing such marriage, if the marriage is in other respects lawful, and is consummated with the full belief on the part of the persons so married, or either of them, that they have been lawfully joined in marriage.
Thus, this opinion should not be a cause of concern to those who were married by commissioners outside of the commissioner's county of residence.
DJH:ESM *Page 19