STATE EX REL. MARTIN, Attorney General, Plaintiff, vs. ZIMMERMAN, Secretary of State, Defendant.

*December 7, 1939—January 16, 1940.*

443

444

For the plaintiff there was a brief by the *Attorney General* and *James Ward Rector,* deputy attorney general, and oral argument by *Mr. Rector* and *Mr. N. S. Boardman,* assistant attorney general.

*Robert M. Rieser* of Madison, for the defendant.

MARTIN, J.   The defendant contends, (1) that the power of partial veto does not exist after the legislature has adjourned *sine die,* and (2) that, if the governor has such veto power, the exercise of it in the instant case so changed the legislative program or policy as to render the parts approved invalid.

These contentions necessitate a construction of sec. 10, art. V, of the Wisconsin constitution (which is printed in the margin).[1]

---

[1] Sec. 10, art. V, Wisconsin constitution: "Every bill which shall have passed the legislature shall, before it becomes a law, be presented to the governor; if he approve, he shall sign it, but if not, he shall return it, with his objections, to that house in which it shall have originated, who shall enter the objections at large upon the journal and proceed to reconsider it. *Appropriation bills may be approved in whole or in part by the governor, and the part approved shall become law, and the part objected to shall be returned in the same manner as provided for other bills.* If, after such reconsideration, two thirds of the members present shall agree to pass the bill, *or the part of the bill objected to,* it shall be sent, together with the objections, to the other house, by which it shall likewise be recon-

In *State ex rel. Martin v. Zimmerman, ante,* p. 16, 288 N. W. 454, the court said (p. 20) :

"We do not need to consider in this case acts of the legislature which become laws otherwise than by the approval of the governor for the governor in this case approved the act in part and the part approved thereby became a 'law' within the meaning of that term as used in sec. 10, art. V, of the constitution."

In the above case the secretary of state contended, as he does in the instant case, that the power of partial veto vested in the governor by sec. 10, art. V, of the Wisconsin constitution, cannot be exercised after the adjournment of the legislature. The court there said (p. 24) :

"We do not enter upon a consideration of the contention of the secretary of state with respect to the validity of the act, because that question is not now before the court. When the act is published, and the interest of some officer or citizen is adversely affected by the act, that question may be presented in a proper case."

We have not had occasion heretofore to decide the specific question of the governor's power to disapprove a part or parts of an appropriation bill after the legislature had adjourned *sine die.* In support of such power the plaintiff cites *State ex rel. Sandaker v. Olson* (1935), 65 N. D. 561, 260 N. W. 586, and *Carter v. Rathburn,* 85 Okla. 251, 209 Pac. 944. To the contrary, defendant cites *May v. Topping,* 65 W. Va. 656, 64 S. E. 848. None of these cases are directly in point because of the differences in the provisions of their

---

sidered, and if approved by two thirds of the members present it shall become a law. But in all such cases the votes of both houses shall be determined by yeas and nays, and the names of the members voting for or against the bill *or the part of the bill objected to,* shall be entered on the journal of each house respectively. If any bill shall not be returned by the governor within six days (Sundays excepted) after it shall have been presented to him, the same shall be a law unless the legislature shall, by their adjournment, prevent its return, in which case it shall not be law."

NOTE: The portions in italics were added by the amendment adopted in 1930.

constitutions with sec. 10, art. V, of the Wisconsin constitution.

The North Dakota constitution (sec. 79) provides that if any bill shall not be returned by the governor within three days (Sundays excepted) after presented to him, the same shall be a law, unless the legislature, by its adjournment, prevents its return, in which case, it shall be a law unless the governor files the same with his objections in the office of the secretary of state within fifteen days after the legislature adjourned. Sec. 10, art. V, of the Wisconsin constitution, provides that any bill not returned by the governor within six days (Sundays excepted) after presented to him shall be a law unless the legislature shall, by their adjournment, prevent its return, *in which case it shall not be a law.*

The West Virginia constitution prohibits the governor from vetoing a general appropriation bill, or any item of it, unless he communicates his reasons therefore to the legislature before its adjournment. The West Virginia court held in *May v. Topping, supra,* that the governor must exercise his veto before the legislature adjourns, or not at all.

The provisions of the Oklahoma constitution are quite similar to those of the West Virginia constitution. While there are a large number of cases sustaining the power of the governor to veto an item or items, part or parts, of an appropriation bill, and holding that the part or parts approved become law, the cases we have found, treating of the executive power to exercise such power after the legislature has adjourned *sine die,* are of no particular assistance because of constitutional differences.

Sec. 10, art. V, of our state constitution is not ambiguous. As amended in 1930 it must be construed as a whole. In so construing it we entertain no doubt either as to the reason for, or the meaning of, the 1930 amendment (see part in italics). Its purpose was to prevent, if possible, the adoption of omnibus appropriation bills, logrolling, the practice of

jumbling together in one act inconsistent subjects in order to force a passage by uniting minorities with different interests when the particular provisions could not pass on their separate merits, with riders of objectionable legislation attached to general appropriation bills in order to force the governor to veto the entire bill and thus stop the wheels of government or approve the obnoxious act. Very definite evils were inherent in the lawmaking processes in connection with appropriation measures. Both the legislature and the people deemed it advisable to confer power upon the governor to approve appropriation bills in whole or in part, and the 1930 amendment to sec. 10, art. V, of the constitution provides:

"Appropriation bills may be approved in whole or in part by the governor, and the part approved shall become law, and the part objected to shall be returned in the same manner as provided for other bills."

Sec. 10, art. V, further provides:

"If any bill shall not be returned by the governor within six days (Sundays excepted) after it shall have been presented to him, the same shall be a law unless the legislature shall, by their adjournment, prevent its return, in which case it shall not be a law."

The defendant argues that the word "it" in the last sentence of sec. 10, art. V, means that the entire bill must be returned by the governor to that house in which it originated. This interpretation would destroy the whole purpose and effect of the 1930 amendment. Furthermore, the argument entirely overlooks the following provision that "the part objected to shall be returned in the same manner as provided for other bills." If the legislature had remained in session, only the parts of Bill No. 563, S., to which the governor objected would be returned to the legislative body.

The legislature has no power to limit the time the governor has to act on a bill. The constitution gives him six days

(Sundays excepted) within which to return a bill. However, the legislature can prevent a return by adjournment, and, in cases of appropriation bills, it can prevent the return of the part or parts disapproved by the governor; but by so doing, the legislature foregoes its right to reconsider the part or parts so disapproved.

We are of the view that under the specific provisions of the 1930 amendment to sec. 10, art. V, of the constitution, which provides that the part or parts of an appropriation bill approved by the governor shall become law, that the legislature by adjourning *sine die* cannot prevent such parts as the governor may approve within the six-day period from becoming law.

Under a proper construction of sec. 10, art. V, of the constitution, we hold that the governor has the power to approve an appropriation bill in whole or in part any time within six days (Sundays excepted) after it shall have been presented to him, regardless of a *sine die* adjournment of the legislature within the six-day period. The legislature, by its adjournment, having prevented the governor from returning those parts of Bill No. 563, S., of which he disapproved to the senate for reconsideration, the parts so disapproved could not become law.

No contention is made in the instant case that the parts of Bill No. 563, S., approved by the governor do not leave a complete body of law of proper subject matter for a separate enactment by the legislature. We think it clear that ch. 533, Laws of 1939, which contains all of Bill No. 563, S., excepting the parts thereof disapproved by the governor, constitutes an effective and enforceable law on fitting subjects for a separate enactment by the legislature. See *State ex rel. Wisconsin Tel. Co. v. Henry,* 218 Wis. 302, 315, 260 N. W. 486.

The defendant contends that assuming the governor has the power of partial veto after the legislature has adjourned

*sine die,* that the exercise of such power in the instant case so changed the legislative program or policy provided in Bill No. 563, S., as to render the parts approved constituting ch. 533, Laws of 1939, invalid. It must be conceded that the governor's partial disapproval did effectuate a change in policy; so did the partial veto of the bill involved in the case of *State ex rel. Wisconsin Tel. Co. v. Henry, supra,* which this court held to be valid. The question here is whether the approved parts, taken as a whole, provide a complete workable law. We have concluded that they do, and we must give them effect as such.

There remains the question as to the effective date of the law. The governor disapproved sec. 7 of Bill No. 563, S., which reads as follows:

"Section 7. Except as otherwise indicated herein, this act shall take effect upon passage and publication."

Sec. 370.05, Stats., provides:

*"Laws and acts; time of going into force.* Every law or act which does not expressly prescribe the time when it shall go into operation shall take effect and be in force from and after the first day of July next succeeding the passage and publication thereof."

The above section relates to an entire act which does not contain an effective date. The legislature may and frequently does provide that different parts of an act should become effective at different times. Sec. 3 of ch. 533, Laws of 1939, became effective January 1, 1940. Sec. 4 became effective at the same time and refers to the establishment of administrative personnel under a civil-service basis made pursuant to the federal requirement that federal aid would not be given unless such civil-service provision were placed into effect by January 1, 1940. Sec. 20.18 (1), Stats., as amended by sec. 6 of the act, became effective immediately upon publication of the law. This section provides:

"(20.18) (1) Annually, beginning July 1, 1939, one million . . . *nine* hundred . . . *sixty-five* thousand *three*

*hundred* dollars *and annually, beginning July 1, 1940, two million three hundred thirty-eight thousand dollars* for state aid for dependent children and in addition thereto all moneys received from the federal government for this purpose, to be expended according to the provisions of sections 48.33 and 48.331. . . ."

There appears to be no dispute between counsel as to the effective date of the remaining portions of ch. 533, Laws of 1939, as to which, sec. 370.05, Stats:, applies. They become operative July 1, 1940.

*By the Court.*—It is declared and adjudged: (1) That under sec. 10, art. V, of the Wisconsin constitution, the governor of the state has the power of partial veto of appropriation bills after a *sine die* adjournment of the legislature when the legislature adjourns prior to the expiration of six full days (Sundays excepted) after such appropriation bill or bills are presented to the governor. (2) That ch. 533, Laws of 1939, which constitutes those parts of Bill No. 563, S., that were passed by the legislature at its biennial session in 1939, and which were not vetoed, but were approved, by the governor upon the presentation of said bill to him pursuant to sec. 10, art. .V, of the state constitution, is valid, and, in accordance with said constitutional provision, was approved and signed by him. (3) That the legislature, by its *sine die* adjournment before the expiration of six full days (Sundays excepted) after said bill had been presented to the governor, prevented the return thereof to the house in which said bill originated, and therefore, by virtue of the provisions of sec. 10, art. V, of the Wisconsin constitution, the parts so disapproved are not law. (4) That secs. 3 and 4 of ch. 533, Laws of 1939, became effective January 1, 1940; that sec. 20.18 (1) of ch. 533, Laws of 1939, became effective upon publication; that as to the remaining portions of ch. 533, Laws of 1939, sec. 370.05, Stats., is applicable, and said portions become operative July 1, 1940.