THOMAS A. LOFTUS, Chairperson Assembly Organization Committee
The Assembly Organization Committee requests my opinion on the extent of the appropriation veto power of a county executive under Wisconsin Constitution article IV, section 23a, which was created in November 1962, and, as amended in April 1969, provides:
 Every resolution or ordinance passed by the county board in any county shall, before it becomes effective, be presented to the chief executive officer. If he approves, he shall sign it; if not, he shall return it with his objections, which objections shall be entered at large upon the journal and the board shall proceed to reconsider the matter. Appropriations may be approved in whole or in part by *Page 93 the chief executive officer and the part approved shall become law, and the part objected to shall be returned in the same manner as provided for in other resolutions or ordinances. If, after such reconsideration, two-thirds of the members-elect of the county board agree to pass the resolution or ordinance or the part of the resolution or ordinance objected to, it shall become effective on the date prescribed but not earlier than the date of passage following reconsideration. In all such cases, the votes of the members of the county board shall be determined by ayes and noes and the names of the members voting for or against the resolution or ordinance or the part thereof objected to shall be entered on the journal. If any resolution or ordinance is not returned by the chief executive officer to the county board at its first meeting occurring not less than 6 days, Sundays excepted, after it has been presented to him, it shall become effective unless the county board has recessed or adjourned for a period in excess of 60 days, in which case it shall not be effective without his approval.
The statutory counterpart as to veto power for counties of less than 500,000 is contained in section 59.032(6), Stats., and contains language substantially identical to the constitutional provision. It was enacted in 1969, subsequent to adoption of the constitutional provision above. The veto power for executives in counties having a population over 500,000 is contained in section 59.031(6) which was created by chapter 327, Laws of 1959. Its wording is substantially identical to the constitutional provision. It was held unconstitutional in State ex rel.Milwaukee County v. Boos, 8 Wis.2d 215, 99 N.W.2d 139 (1959), and has not been reenacted.
Your basic question is whether a county executive's power of approval or non-approval is limited to monetary amounts with respect to appropriations or whether such power extends to other portions of a resolution or ordinance containing an appropriation and can thus effect a change in the policy envisaged by the County Board of Supervisors.
I am of the opinion that a county executive has power to approve any part of a resolution or ordinance containing an appropriation and can, therefore, effect a change in policy. Such executive power is *Page 94 
not dissimilar to that of the Governor. In State ex rel. Kleczkav. Conta, 82 Wis.2d 679, 715, 264 N.W.2d 539 (1978), it was stated:
 Under the Wisconsin Constitution, the governor may exercise his partial-veto power by removing provisos and conditions to an appropriation so long as the net result of the partial veto is a complete, entire, and workable bill which the legislature itself could have passed in the first instance.
 Unlike the fact situation in Henry, the Acting Governor vetoed what is arguably a condition which the Legislature had placed on the appropriation. By so doing, he changed the policy of the law as envisaged by the Legislature. He caused the general fund to be charged with an obligation which the Legislature did not anticipate; and also, it is contended, he accelerated the effective date of the bill. These are policy changes, legislative in nature, which the Constitution authorized him to make.
The court, in effect, stated that the Governor is not "confined to the excision of appropriations or items in an appropriation bill." Kleczka, 82 Wis.2d at 705. Provisos and conditions are not subject to veto if inseparably connected to the appropriation. Once a part objected to is determined not to be inseparable from the appropriation within a bill, a second determination is made whether the remaining parts "constitute, in and by themselves, a complete, entire and workable law . . . ."State ex rel. Wisconsin Tel. Co. v. Henry, 218 Wis. 302, 314,260 N.W. 486 (1935). The Kleczka court recognized the importance of severability at 82 Wis.2d at 705: "Severability is indeed the test of the Governor's constitutional authority to partially veto a bill . . . ."
The Governor's power relates to approval "in whole or in part" of "[a]ppropriation bills" but also provides that "the part approved shall become law, and the part objected to shall be returned in the same manner as provided for other bills. If, after such consideration, two-thirds of the members present shall agree to pass the bill, or the part of the bill objected to . . . [and if approved by two-thirds of the other house] it shall become a law." Wis. Const. art. V, § 10. An appropriation bill has been defined as a measure before a legislative body authorizing the expenditure of public monies and stipulating the amount, manner and purpose of various items of expenditures. *Page 95 State ex rel. Finnegan v. Dammann, 220 Wis. 143, 148,264 N.W. 622 (1936).
It may be argued that the wording of the veto power with respect to the Governor is broader since Wisconsin Constitution article V, section 10 provides: "Appropriation bills may be approved in whole or in part by the governor, and the part approved shall become law, and the part objected to shall be returned in the same manner as provided for other bills," whereas Wisconsin Constitution article IV, section 23a provides: "Appropriations may be approved in whole or in part . . . and the part approved shall become law, and the part objected to shall be returned in the same manner as provided for in other resolutions or ordinances." However, the section contains this additional phrasing: "If, after such reconsideration, two-thirds of the members-elect . . . agree to pass the resolution or ordinance orthe part of the resolution or ordinance objected to . . . ." I construe this language to extend to power of partial approval to every part of a resolution or ordinance containing an appropriation rather than being limited to a part of an appropriation. An appropriation is "a sum of money set aside or allotted by official or formal action for a specific use." Webster's Third New International Dictionary 106 (4th ed. 1976). The county executive's partial approval provision is substantially similar to the language in the constitutional provision applicable to the Governor. A county board of supervisors does not pass "bills" as the Legislature does nor is it bicameral. A county board adopts ordinances or resolutions. Sec. 59.02, Stats. In my opinion, the words "appropriations" in article IV, section 23a and in sections 59.031(6) and 59.032(6) should be construed as "resolutions and ordinances containing appropriations." Joint Resolution No. 64 (1961) which ordered that the proposed amendment be submitted to the electors at the November 1962 general election provided that the question be stated: "2. Shall Article IV, section 23a, be created to require that in counties with a population of 500,000 or more all resolutions and ordinances of a county board must be submitted to a chief executive officer for his approval or veto?" See Volume 1, Laws of Wisconsin 1961 at 728 and Certificate of Secretary of State, Volume 1, Laws of Wisconsin 1963 at 700.
There was no separate reference to "appropriations." The stated question referred only to approval or veto of "resolutions and ordinances." *Page 96 
You also inquire as to the status of the veto power of the county executive in Milwaukee County since section 59.032(6) was held unconstitutional in Boos in 1959 and was not reenacted subsequent to the constitutional amendment of article IV, sections 23 and 23a in 1962 so as to be applicable to populous counties or subsequent to 1969 when such provisions were made applicable to all counties.
In my opinion the Milwaukee County Executive possesses the power to approve or object to ordinances or resolutions passed by the county board. In State ex rel. La Follette v. Board ofSupvrs., 109 Wis.2d 621, 628, 327 N.W.2d 161 (Ct.App. 1982), it was held that the veto power of the Milwaukee County Executive was based on the constitutional provision, "[t]hus, the broad veto powers of the county executive, found unconstitutional as a statutory provision, were returned by a constitutional amendment." Thus, such power is based on the constitutional provisions set forth above which were self-executory and did not need statutory implementation.
BCL:RJV