FRANK VOLPINTESTA, Corporation Counsel Kenosha County
You request my opinion with respect to three questions which relate to action a county board may take in responding to the county executive's veto of parts of the annual budget. You state:
 Upon passage of the 1985 budget by the Kenosha County Board, it was referred to the county executive for approval. The county executive approved certain portions of the budget as presented, including the total levy, and vetoed other portions and line items. In his message to the county board regarding said vetoes, he gave his reasoning on the items vetoed and intended that certain of the vetoed line items be subsequently increased by the board by way of transfers from other line items in the budget or from the general fund, thus leaving the total levy unaffected. In some instances he asked that a line item be decreased or eliminated with the transfer of said funds to the general fund. *Page 74 
Your questions relate to Wisconsin Constitution article IV, section 23a, which provides:
 Every resolution or ordinance passed by the county board in any county shall, before it becomes effective, be presented to the chief executive officer. If he approves, he shall sign it; if not, he shall return it with his objections, which objections shall be entered at large upon the journal and the board shall proceed to reconsider the matter. Appropriations may be approved in whole or in part by the chief executive officer and the part approved shall become law, and the part objected to shall be returned in the same manner as provided for in other resolutions or ordinances. If, after such reconsideration, two-thirds of the members-elect of the county board agree to pass the resolution or ordinance or the part of the resolution or ordinance objected to, it shall become effective on the date prescribed but not earlier than the date of passage following reconsideration. In all such cases, the votes of the members of the county board shall be determined by ayes and noes and the names of the members voting for or against the resolution or ordinance or the part thereof objected to shall be entered on the journal. If any resolution or ordinance is not returned by the chief executive officer to the county board at its first meeting occurring not less than 6 days, Sundays excepted, after it has been presented to him, it shall become effective unless the county board has recessed or adjourned for a period in excess of 60 days, in which case it shall not be effective without his approval.
The statutory counterpart as to veto power for counties of less than 500,000 is contained in section 59.032(6), Stats., and contains language substantially identical to the constitutional provision. In an opinion dated August 22, 1984, 73 Op. Att'y Gen. 92 (1984), it was stated that the veto power of the county executive was similar to that of the Governor and extends to any part of a county board resolution or ordinance containing an appropriation and can effect a change in policy as well as amount if the net result of the partial veto is a complete, entire and workable ordinance or resolution which the county board could have passed in the first instance. See State ex rel. Sundby v.Adamany, 71 Wis.2d 118, 237 N.W.2d 910 (1976); State ex rel.Kleczka v. Conta, 82 Wis.2d 679, 264 N.W.2d 539 (1978). *Page 75 
 1. Does the county board have power to amend a resolution, ordinance or part of a resolution or ordinance containing an appropriation which the county executive has vetoed and returned to the board?
The answer is no. However, the county board does have the power to pass a separate substitute for submission to the executive. The power of the board on reconsideration is whether to override the veto. Sec. 59.032(5) and (6), Stats., and 62 Op. Att'y Gen. 238, 240 (1973). If the matter is not brought to a vote, or if less than two-thirds of the members-elect vote to override, the veto stands and that part of the resolution or ordinance either fails to become law or becomes law as altered depending upon the circumstances. To promote orderly procedure, it is suggested that vetoed items be considered promptly and separately from legislative attempts to provide the executive with a proposal which might be approved. If open meeting and any special statutory notice requirements are satisfied, the board, of course, has the power to pass a new and separate resolution or ordinance to fill any void caused by the executive veto. After the budget hearings have been held and the budget is approved by the county board and submitted to the county executive, any new appropriations or transfers would require a two-thirds vote of the entire membership. Sec. 65.90(5), Stats. As a general rule the county board has continuing power to reconsider its actions and adopt an ordinance or resolution which has previously been defeated. 56 Am. Jur. 2d Municipal Corporations § 352.
There may be a misunderstanding as to the effect of the veto of the county executive on the budget. Your statement of facts states that the county executive "approved the total levy." I believe such conclusion is erroneous. In my opinion, the act of a county executive in deleting or in some manner reducing an appropriation has the direct effect of reducing the amount of total funds to be raised and any necessary tax levy. Section70.62 establishes limitations on tax levies. The board cannot make tax levies for future years or create a sinking fund. Immegav. Elkhorn, 253 Wis. 282, 34 N.W.2d 101 (1948). A veto does not have the effect of transferring the budgeted amount to surplus or to the general fund as is made clear by section 59.032(5). This is extremely important and ties in with the purposes of section65.90. Where an entire budget is vetoed, a county board might be expected to take prompt action to approve *Page 76 
another for submission to the executive. Where separate items are vetoed, the county executive always runs the risk that the vetoes will be overridden or that further legislative action will address the particular area. The executive's influence as to amounts and subjects to be included in a budget is probably more direct and greater at formulating time than at veto time. Section 59.032(5) provides:
 Notwithstanding any other provision of the law, the county executive shall be responsible for the submission of the annual proposed budget to the county board and may exercise the power conferred under sub. (6) to veto any appropriation made by the county board in the budget. No money may be appropriated for any purpose unless approved by the county board. The failure of the county board, upon reconsideration under sub. (6), to approve any appropriation vetoed by the county executive does not operate to appropriate the amount specified in the proposed budget submitted by the county executive.
Section 65.90 requires a listing of all existing indebtedness, all anticipated revenues, all proposed appropriations and requires availability for public inspection, publication of a summary and a public hearing. Subsection (5)(a) provides, in part:
 Except as provided in par. (b) and except for alterations made pursuant to a hearing under sub. (4), the amount of tax to be levied or certified, the amounts of the various appropriations and the purposes for such appropriations stated in a budget required under sub. (1) may not be changed unless authorized by a vote of two-thirds of the entire membership of the governing body of the municipality, except that in the case of a city board of education transfers may be authorized by a two-thirds vote of the board for funds under the board's control. Any municipality, except a town, which makes changes under this paragraph shall publish a class I notice thereof, under ch. 985, within 10 days after any change is made. Failure to give such notice shall preclude any changes in the proposed budget and alterations thereto made under sub. (4).
 2. Must the county board take action on a county executive's veto immediately upon its return or may it table the matter for consideration at a later time? *Page 77 
The constitutional and statutory provisions provide that: "If he approves, he shall sign it; if not he shall return it with his objections . . . and the board shall proceed to reconsider the matter."
In my opinion, the board has a duty to promptly reconsider the matter at its first meeting following its return with objections. Neither the constitution nor statute establish a time within which the board must act. The open meetings law would require that rather specific notice of the reconsideration after veto be given. Sec. 19.84, Stats. A court might hold that failure to reconsider at the next meeting at which adequate notice could be given would make the returned ordinance, resolution or vetoed part thereof void. See 5 McQuillin Municipal Corporations §16.46 (3rd Rev. Ed.). A contrary view is stated in 62 C.J.S.Municipal Corporations § 424. Tabling could be construed to be rejection or failure to override. Time constraints in the budget and tax levy process require prompt reconsideration or rejection where amounts appropriated are to be financed by tax levy. Budget hearings at the county level required by section65.90(3) are usually held in late October or November, and the town, city or village clerk must deliver the tax roll to the respective municipal treasurer on or before the third Monday in December. Sec. 70.68(2), Stats.
 3. May the county board consider all line item vetoes of the county executive on one motion or must each veto be considered individually?
Wisconsin Constitution article IV, section 23a and section 59.032(6) require that the "part" vetoed shall be returned:
 [W]ith his objections, which . . . shall be entered at large upon the journal and the board shall proceed to reconsider the matter . . . . If, after such reconsideration, two-thirds of the members-elect of the county board agree to pass the resolution or ordinance or the part of the resolution or ordinance objected to, it shall become effective . . . the votes of the members of the county board shall be determined by ayes and noes and the names of the members voting for or against the resolution or ordinance or the part thereof objected to shall be entered on the journal.
In my opinion, the board could consider all line vetoes in one motion. Section 990.001(1) is at least applicable to words in section 59.032(6), and the word "part" as used therein can be construed as parts since the singular includes the plural. In most cases, a county *Page 78 
board would be well advised to consider each veto separately in order to seriously consider the objections which the county executive is required to set forth as to each part. In 70 Op. Att'y Gen. 189 (1981), it was stated that failure of the Governor to express objections which could be identified as to several possible vetoes made such possible vetoes ineffective. A county board and county executive have important legislative and administrative powers. There is some room for give and take, but efficient county government requires that they cooperate.
BCL:RJV