Robert M. HARBICK, Plaintiff-Appellant,†

v.

MARINETTE COUNTY and Theodore J. Sauve, Harold Kinziger, Wilbur Leslie, Raymond Mattison, Everett Krull, Ralph J. Orlando, Donald A. Witt, Fred Forst, Lawrence A. Theisen, Robert H. Murrock, Claryce M. Maedke, Adolph Staidl, Kenneth H. Nischke, Gene F. Guay, John H. Harper, Edward Kowalski, Darrell W. Dumke, William R. Setunsky, William G. Walker, Ronald Baumgarten, Carole A. Faucett, Walter J. Stepniak, Edward F. Poquette, James Tebo, Robert Dulak, David Setunsky, William Gill, Don Clewley, William Allen and Kenneth Powell, Defendants-Respondents.

Court of Appeals

*No. 86–1712. Submission on briefs March 2, 1987.—Decided March 17, 1987.*

(Also reported in 405 N.W.2d 724.)

† Petition to review denied.

For the plaintiff-appellant there was a brief submitted by *Marie A. Stanton* of *Grzeca & Stanton, S.C.,* of Green Bay.

For the defendants-respondents there was a brief submitted by *James E. Murphy,* Corporation Counsel, of Marinette.

There was an amicus curiae brief submitted by *James M. Peterman* of Madison.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J. Robert Harbick, Marinette County Clerk, appeals a judgment declaring that the Marinette County Board had lawfully transferred certain account keeping duties from the county clerk to the county auditor. Harbick argues that pursuant to sec. 59.17(8), Stats., the county clerk is empowered to keep all of the county's account and books of account. We disagree and affirm the judgment.

In 1965, Marinette County enacted Resolution No. 32, and, pursuant to sec. 59.72, Stats., created the office of county auditor. This resolution transferred to the auditor the duties of keeping certain accounts and books of account that had been previously performed by the county clerk.

In 1982, Robert Harbick was elected county clerk. Harbick asked the county board and its finance committee to return the account keeping duties to his office. They refused, and Harbick commenced an action for declaratory relief. In the declaratory action,

Harbick argued that the county board had unlawfully transferred the account keeping duties to the auditor because sec. 59.17(8) mandated that the clerk was to keep all of the county's accounts and books of account.

The trial court determined that the clerk was solely responsible for those account keeping duties identified in sec. 59.17(3) through (7), Stats., and those identified elsewhere by statute, or that were performed by the clerk on an immemorial basis. The court also determined that other than these duties, the clerk was responsible for keeping only those other accounts designated by the county board pursuant to sec. 59.17(8). The court concluded that because the account keeping duties transferred to the auditor were neither specifically conferred upon the clerk by statute nor performed by the clerk on an immemorial basis, the county had acted lawfully in transferring those duties to the auditor.

Harbick asks this court to interpret sec. 59.17(8) to mean that the clerk is to keep all of the county's accounts and books of account. We decline to do so.

The interpretation of a statute presents a question of law. *DeMars v. LaPour,* 123 Wis. 2d 366, 370, 366 N.W.2d 891, 893 (1985). Whether a statute is ambiguous is also a question of law. *St. John Vianney School v. Board of Education,* 114 Wis. 2d 140, 150, 336 N.W.2d 387, 391 (Ct. App. 1983). Questions of law are determined independently without deference to the trial court's decision. *Id.* at 151, 336 N.W.2d at 391. If a statute is ambiguous, we look to the statute's context, subject matter, scope, history, and object to be accomplished to ascertain the legislature's intent. A cardinal rule of statutory construction is that an interpretation that effects the purpose of an act is

favored over one that defeats the act's manifest object. *Heaton v. Independent Mortuary Corp.*, 97 Wis. 2d 379, 393, 294 N.W.2d 15, 22 (1980).

Section 59.17(8) provides that the county clerk is to "[k]eep all of the accounts of the county and all books of account as the county board directs." We conclude that this provision of sec. 59.17(8) is ambiguous. It could mean that the clerk is to keep all of the county's accounts and books of account, and that the clerk is to maintain those accounts as directed by the county board. On the other hand, this provision could mean that the clerk is to keep only those accounts and books of account designated by the county board. We conclude that the legislature intended the latter meaning.

Within ch. 59, Stats., the legislature provided that the powers granted to the counties under that chapter are to be liberally construed. Section 59.026, Stats., states:

> For the purpose of giving to counties the largest measure of self-government in accordance with the spirit of the administrative home rule authority granted to counties in s. 59.025, it is hereby declared that this chapter shall be liberally construed in favor of the rights, powers and privileges of counties to exercise any organizational or administrative power.

In light of this explicit statement of legislative intent, sec. 59.17(8) must be broadly interpreted when a county is exercising its organizational and administrative powers. *See also* secs. 59.025 and 59.07, Stats. Determining which official will perform a county's account keeping duties is an organizational and ad-

176

ministrative task. Permitting a county board to make this determination comports with the legislature's intent.

Additionally, in sec. 59.72 the legislature empowered counties to create the office of auditor and to confer upon the auditor the duties of maintaining the county's accounts and books of account. Section 59.72 provides in part:

> (1) In every county the county clerk shall act as auditor, unless a separate office of county auditor is created as provided in sub. (2), and, when directed by resolution of the county board, shall examine the books and accounts of any county officer, board, commission, committee, trustees or other officer or employe entrusted with the receipt, custody or expenditure of money, or by or on whose certificate any funds appropriated by the county board are authorized to be expended, ... and all original bills and vouchers on which moneys have been paid out and all receipts of moneys received by them. ...
> (2) ... The auditor shall perform the duties and have all the powers conferred upon the county clerk as auditor by sub. (1), and shall perform such additional duties and shall have such additional powers as are imposed and conferred upon him or her from time to time by resolution adopted by the board.
> (3) ... The auditor shall direct the keeping of all of the accounts of the county, in all of its offices, departments and institutions, and shall keep books of account necessary to properly perform the duties of the office. ... The auditor shall perform all duties pertaining to the office, have all the powers and perform the duties in sub. (1) and perform other duties imposed by the county board.

It is evident that by enacting sec. 59.72, the legislature sought to enable a county to employ a professional with special expertise as auditor to handle the county's complex fiscal matters. In so doing, the legislature specifically provided that those account keeping duties necessary to the auditor's function could be transferred from the county clerk to the auditor. No such enabling legislation could exist if the legislature intended that only the county clerk was to maintain the county's accounts.

When presented with the same question as presented here, our attorney general reached a similar conclusion:

> In my opinion the statute [sec. 59.17(8)] ... empowers the county board to direct *which* accounts of the county and books of account, in addition to those set forth in subsecs. (3) through (7) or other statutes, shall be kept by the county clerk. It is my further opinion that subsec. (8) would permit a county board to transfer duties of keeping certain accounts and books of account from the county clerk to some other officer where an express statute does not require the county clerk to perform these duties.

65 Op. Att'y Gen. 132, 136–37 (1976).

Although we are not bound by an attorney general's opinion, it is entitled to great weight in matters of statutory construction. *Norton v. Town of Sevastopol,* 108 Wis. 2d 595, 599, 323 N.W.2d 148, 150–51 (Ct. App. 1982). Here, we find it persuasive.

Permitting the counties to determine what account keeping duties the clerk shall perform also rests upon sound reasoning. Without in any way demeaning the office of county clerk and those who hold this vital

position, special skill and expertise reflected by professional training is necessary to the efficient handling of the complex fiscal matters faced by county government today. To deprive counties of the opportunity to bring such expertise to bear on such matters would unduly hamper their ability to effectively fulfill their governmental functions.

In reaching our conclusion, we recognize that the position of county clerk is a constitutional office established under art. VI, sec. 4, of the Wisconsin Constitution. *State ex rel. Williams v. Samuelson,* 131 Wis. 499, 510–11, 111 N.W. 712, 716 (1907). We further acknowledge that the clerk of each county performs vital and invaluable services in those areas designated by the legislature in sec. 59.17. Statutory powers and duties conferred upon a county officer cannot be narrowed, enlarged, or taken away by a county board unless the legislature has authorized such action. *Reichert v. Milwaukee County,* 159 Wis. 25, 35, 150 N.W. 401, 403–04 (1914). By enacting sec. 59.72, the legislature intended to empower the counties to determine the scope of the clerk's duties in regard to the keeping of accounts and the books of account. The legislature's intent must be given effect.

■

Harbick asserts that the county board has impermissibly transferred immemorial duties of his constitutional office to the auditor. Immemorial duties performed by a constitutional officer cannot be altered by county board or legislative action. *See Wisconsin Prof. Police Ass'n v. County of Dane,* 106 Wis. 2d 303, 310–12, 316 N.W.2d 656, 660 (1982); *State ex rel. Milwaukee County v. Buech,* 171 Wis. 474, 481–82, 177 N.W. 781, 784 (1920). The trial court concluded that the duties transferred to the auditor had not been

performed by the clerk on an immemorial basis. We agree.

Immemorial duties are those essential duties that characterize, distinguish and are integral to the constitutional office. *Wisconsin Prof. Police Ass'n,* 106 Wis. 2d at 311–12, 316 N.W.2d at 660. The keeping of accounts are not such duties. The clerk's immemorial duties are primarily concerned with maintaining records of the county and the county board. The attorney general has outlined the clerk's immemorial duties as:

> Historically, the county clerk was strictly a clerk for the board of supervisors. In Rev. Stats. 1858, the clerk was called the clerk of the board of supervisors. Ch. 13, sec. 54. His duties were primarily to keep a record of the proceedings of the board, to make entries of all its resolutions and decisions, to record its votes, to sign its orders and keep an account thereof, and to preserve and file the accounts acted upon by the board. Ch. 13, sec. 57. In 1882 the duties of such clerk, then called the county clerk, were similar, with the following significant addition: to keep all the accounts of the county, and all such books of account as the county board shall direct. [Citations omitted].
>
> ... The principal and important duties of the county clerk have been to act as clerk for the board of supervisors, to record its proceedings and to keep a record of its orders for payment of money.

24 Op. Att'y. Gen. 787, 793–94 (1935). We conclude that such duties as maintaining accounts and books of account do not characterize and distinguish the clerk's office and are not immemorial duties of that office.

Harbick also contends that by enacting Resolution No. 32, the county exceeded its authority granted under sec. 59.72. A provision of Resolution 32 states that the "auditor shall take over all the books of account and keep all of the accounts heretofore kept by the ... Clerk ... in his capacity as County Auditor." Harbick maintains that this provision impermissibly transfers all account keeping duties rather than only those referred to in sec. 59.72 when a clerk is acting as an auditor. We disagree.

It is undisputed that the resolution does not transfer the clerk's duties and responsibilities vested in the clerk by secs. 59.17(3) through (7). At issue are the account keeping duties not specifically identified and vested with the clerk by statute. These are the account keeping duties described in sec. 59.17(8). Because sec. 59.72 unambiguously authorizes the transfer of such duties to the auditor, the county's resolution, insofar as it accomplishes that purpose, is within the authority granted by that statute.

*By this Court.*—Judgment affirmed.