FRED A. RISSER, Chairperson Senate Organization Committee
The Senate Organization Committee has requested my formal opinion on a number of questions concerning the authority of an elected county executive as it relates to the administrative and management powers and duties of the other elected county constitutional officers. Your questions are sufficiently related and interdependent such that my answers to your first two questions should also effectively dispose of your remaining questions. You first ask: "Does an elected county executive have the power to reorganize another elected official's office and remove functions or responsibilities mandated by Wisconsin Statutes?"
For reasons detailed herein, it is my opinion that the county executive does not have the authority to reorganize another elected official's office so as to remove functions or responsibilities mandated by statute.
In recent years, through constitutional amendment and statutory changes, there has been a gradual but significant expansion in the authority delegated by the Legislature to counties to determine their local administrative organization, including legislative authorization for county executives and administrators with expanded powers and a legislative grant of a certain measure of county organizational autonomy. See secs. 59.025, 59.031 and 59.032, Stats. (1983-84).
I assume that your initial question arises because of the most recent of these legislative delegations dealing with the administration of county government, enacted by 1985 Wisconsin Act 29. Among the numerous changes to chapter 59, Stats., affected by this enactment, the legislation requires that every county now have *Page 114 
either an elected county executive, a board-appointed county administrator or an administrative coordinator; it authorizes counties to create a department of administration and adopt certain budgetary procedures previously reserved for larger counties, and it further expands the administrative and appointment power of the county executive and administrator. The law also repealed and recreated sections 59.025 and 59.07(intro.) and created section 59.026 to read as follows:
 59.025 Administrative home rule. Every county may exercise any organizational or administrative power, subject only to the constitution and any enactment of the legislature which is of statewide concern and which uniformly affects every county.
 59.026 Construction of powers. For the purpose of giving to counties the largest measure of self-government in accordance with the spirit of the administrative home rule authority granted to counties in s. 59.025, it is hereby declared that this chapter shall be liberally construed in favor of the rights, powers and privileges of counties to exercise any organizational or administrative power.
 59.07 General powers of board. The board of each county shall have the authority to exercise any organizational or administrative power, subject only to the constitution and any enactment of the legislature which grants the organizational or administrative power to a county executive or county administrator or to a person supervised by a county executive or county administrator or any enactment which is of statewide concern and which uniformly affects every county. Any organizational or administrative power conferred under this section shall be in addition to all other grants. A county board may exercise any organizational or administrative power under this section without limitation due to enumeration. The board of each county may exercise the following powers, which shall be broadly and liberally construed and limited only by express language . . . .
The original "executive budget bill" containing these sections, 1985 Assembly Bill 85, included the following analysis by the Legislative Reference Bureau, at 42: "Language giving counties limited administrative home-rule power is replaced by language modeled after municipal home-rule language used in the constitution and statutes. The language is intended to establish broader county administrative *Page 115 
home rule." A Legislative Fiscal Bureau analysis characterized the effect of these provisions as follows:
 Replace current law concerning the authority of a county to administratively organize itself by specifying that every county may exercise any organizational or administrative power, subject to the state's constitution and laws. This recommendation includes a provision stating that it is intended that the administrative home rule granted under this modification be liberally interpreted in favor of the power of counties to exercise any organizational power.[1]
As pointed out by the Legislative Fiscal Bureau analysis, while 1985 Wisconsin Act 29 did provide for the expansion of local administrative and organizational authority at the county level, such authority nevertheless remains "subject to the state's constitution and laws." Moreover, in interpreting and applying sections 59.025, 59.026 and 59.07(intro.), particularly those provisions excepting enactments of statewide concern, it must be recognized that the Legislature utilizes counties primarily as its agent in matters of state concern. As stated in MilwaukeeCounty v. District Council 48, 109 Wis.2d 14, 33, 325 N.W.2d 350
(Ct.App. 1982):
 In Wisconsin, counties, as quasi-municipal corporations, have no inherent power to govern. The municipalities are created almost exclusively in view of the state's policy at large for purposes of political organization and civil administration in matters of state concern. Columbia County v. Board of Trustees, 17 Wis.2d 310, 317, 116 N.W.2d 142, 146
(1961).
See also Dane County v. H SS Dept., 79 Wis.2d 323, 329-30,255 N.W.2d 539 (1977); Brown County v. H SS Department,103 Wis.2d 37, 43, 307 N.W.2d 247 (1981).
In this regard, it is my opinion that the substantive statutory scheme established for elective county officers by the Legislature constitutes legislative enactments "of statewide concern and which uniformly affects every county," within the meaning of sections 59.025 and 59.07(intro.). Under such a view, neither the various elective county offices nor their constitutional or statutory duties, functions and authority can be abolished, consolidated or altered *Page 116 
under the newly enacted provisions of chapter 59 here being considered. Rather, I view these new enactments as authorizing counties to expand upon and "fill the gaps" in the organizational and administrative structure which is already in place in such a fashion as not to conflict with the performance of such elected officers' mandated functions. Despite the more recent legislative recognition of the need of counties to have greater flexibility in addressing their administrative and management problems, then, it remains true that counties have only such powers as are expressly granted or necessarily implied. Town of Vernon v.Waukesha County, 102 Wis.2d 686, 689, 307 N.W.2d 227 (1981);Maier v. Racine County, 1 Wis.2d 384, 385, 84 N.W.2d 76 (1957).
In reviewing the statutes under consideration, I note that the expanded county administrative authority is general in character, while the Legislature's directions as to what functions are to be performed by the county's elective officials are typically expressed in much more specific terms. It may be presumed that those more detailed statutory directives are intended to prevail over a statute of general application in the event of any conflict. Schlosser v., Allis-Chalmers Corp., 65 Wis.2d 153,161. 222 N.W.2d 156 (1974). Such a conclusion is supported byHarbick v. Marinette County, 138 Wis.2d 172, 179, 405 N.W.2d 724
(Ct.App. 1987). While the Harbick case recognized that sections 59.025, 59.026 and 59.07 require a liberal construction of county power to exercise organizational and administrative powers, it also acknowledged that those statutes do not affect duties specifically conferred on county officers by statute or performed by them on an immemorial basis. Harbick, 138 Wis.2d at 172.
 In reaching our conclusion, we recognize that the position of county clerk is a constitutional office established under art. VI, sec. 4, of the Wisconsin Constitution. State ex rel. Williams v. Samuelson, 131 Wis. 499, 510-11, 111 N.W. 712, 716 (1907). We further acknowledge that the clerk of each county performs vital and invaluable services in those areas designated by the legislature in sec. 59.17. Statutory powers and duties conferred upon a county officer cannot be narrowed, enlarged, or taken away by a county board unless the legislature has authorized such action. Reichert v. Milwaukee County, 159 Wis. 25, 35, 150 N.W. 401, 403-04 (1914). *Page 117 Harbick, 138 Wis.2d at 179. See also 67 Op. Att'y Gen. 1, 3-4 (1978); 65 Op. Att'y Gen. 132, 135 (1976); 63 Op. Att'y Gen. 196, 199 (1974); 63 Op. Att'y Gen. 220, 225 (1974).
My conclusion in response to your question is further supported by a plain reading of the applicable statutes. Both section 59.031(2)(br), relating to county executives in counties under 500,000 population, and section 59.033(2)(b), relating to county administrators, expressly provide that such officers appoint and supervise the heads of all county departments "except thoseelected by the people." Likewise, the statutes which authorize county executives and administrators to coordinate and direct by order or otherwise "all administrative and management functions of the county government" expressly except such functions "otherwise vested by law . . . in other elected officers." Secs. 59.031(2)(a) and 59.033(2)(a), Stats.[2] Finally, section 59.035(2), created by 1985 Wisconsin Act 29 to provide authority for counties of less than 500,000 population to create a county department of administration with such administrative functions as the county deems appropriate, contains a similar express limitation that, with certain exceptions not relevant here, "[n]o such function shall be assigned to the department where the performance of the same by some other county office, department or commission is required by any provision of the constitution or statutes of this state." See also sec. 59.035(1), Stats.
While 1985 Wisconsin Act 29 expanded the statutory duties and powers of county administrative officers in certain respects, it also clarified and confirmed the semi-autonomous status of county elective officers whose duties and authority are established or augmented by statutory directive.[3] The act does not negate the implicit authority of the principal county elective officers identified in section 59.12 to exercise substantive administrative and management functions vested in them by law, free of supervisory control by the county executive, administrator or coordinator. *Page 118 
Your second question asks: "Does an elected county executive have the authority to structure another elected official's budget in such a manner as to make that official accountable to another elected or appointed official or department, including the legislative body?"
It is not possible to provide you with more than a general response to such a question in the absence of a more detailed fact situation. See 44 Op. Att'y Gen. 262, 266-67 (1955). However, the constitution does clearly authorize the Legislature to confer broad powers of a local, legislative and administrative character upon county boards and provides authority for an elective county executive with extensive administrative and veto powers. Wis. Const. art. IV, §§ 22, 23 and 23a. In counties with an elective executive, both the county board and the county executive jointly exercise broad authority to establish the county budget and approve appropriations for all county departments. See secs. 65.90, 59.031(5) and (6) and 59.84, Stats. In fact, the county executive's partial approval/partial veto authority with respect to appropriations carries with it a power, legislative in nature, similar to that exercised by the Governor in reference to acts of the Legislature, to change the policy of the law as originally envisaged by the county board. 74 Op. Att'y Gen. 73, 74 (1985); 73 Op. Att'y Gen. 92, 93-94 (1984). Moreover, "[t]he executive's influence as to the amounts and subjects to be included in a budget is probably more direct and greater at formulating time than at veto time," because of his responsibility to formulate the initial submission of the annual budget for consideration by the county board. 74 Op. Att'y Gen. at 76.
While it may be said that an elected county constitutional officer is answerable to no one but the electorate in the faithful discharge of his or her constitutional and statutory duties, such officers are, and always have been, subject to reasonable budget constraints. The courts will refrain from interfering with the exercise of discretion by the county board and county executive in the adoption of the county budget, even though their actions may not appear wise or best calculated to serve the public interest, unless they act in violation of the law. See Appleton v. Outagamie County, 197 Wis. 4, 11-12,220 N.W. 393 (1928).
Therefore, in the final analysis, the answer to your second question will probably depend, in most instances, upon whether the county board and the elected county executive have exercised their *Page 119 
budgetary and organizational authority so arbitrarily or unreasonably as to effectively narrow or frustrate the proper exercise of the constitutionally or statutorily mandated official duties of such other elected county officers. See Schultz v.Milwaukee County, 250 Wis. 18, 23, 26 N.W.2d 260 (1947); Reichertv. Milwaukee County, 159 Wis. 25, 35, 150 N.W. 401 (1914); 49 Op. Att'y Gen. 26, 30 (1960). Determinations bearing on such issues must, of course, be dealt with on a case-by-case basis.
DJH:JCM
[1] "Comparative Summary of Budget Recommendations [of] Governor and Joint Committee on Finance," Assembly Substitute Amendment 1 to 1985 Assembly Bill 85, Legislative Fiscal Bureau, June 1985, Vol. II at 624.
[2] Section 59.034, enacted by 1985 Wisconsin Act 29 to require the creation of either an elective or appointive administrative coordinator in every county which has neither a county executive or administrator, incorporates the same exception.
[3] The statutes set forth the specific duties to be performed by the county clerk treasurer, sheriff, coroner or medical examiner, clerk of court, register of deeds and surveyor and expressly mandate, in essentially identical language, that such officers "[p]erform all other duties required by law" Secs. 59.17
(25), 59.20(12), 59.23(7), 59.34(4), 59.395(8), 59.51(15) and59.60(1)(e), Stats. See also section 59.47 for the duties of the district attorney. *Page 120