EVERETT B. HALE, Corporation Counsel, Taylor County
You ask whether a register of deeds may refuse to record instruments that are recordable under state law but that are not in compliance with a county subdivision ordinance requiring the preparation of a certified survey map in connection with certain land divisions, if requested or directed to do so by county ordinance.
In my opinion, the answer is no.
Section 59.51, Stats., provides in part as follows:
Register of deeds; duties. The register of deeds shall:
 (1) Record or cause to be recorded in suitable books to be kept in his office, correctly and legibly all deeds, mortgages, maps, instruments and writings authorized by law to be recorded in his office and left with him for that purpose, provided such documents have plainly printed or typewritten thereon the names of the grantors, grantees, witnesses and notary. . . .
. . . .
(15) Perform all other duties required of him by law.
In 77 Op. Att'y Gen. 262, 264 (1988), I recently considered whether a county board possesses statutory authority to direct the register of deeds to refuse to record documents containing restrictive covenants. In that opinion, I made the following statement: *Page 41 
 [A]bsent any other legal prohibition to the contrary, in Wisconsin the register of deeds has a clear and absolute ministerial duty to record documents affecting title to real estate. Section 706.05 (1) provides that "[e]very conveyance, and every other instrument which affects title to land in this state, shall be entitled to record in the office of the register of deeds of each county in which land affected thereby may be." Thus, legal instruments which are in compliance with sections 59.51
(1), 59.516 and other state statutes delimiting the recordability of specific documents must be recorded by the register of deeds. See 48 Op. Att'y Gen. 54, 56 (1959); 15 Op. Att'y Gen. 72, 74 (1925). The discretion of the register of deeds is therefore limited to ascertaining whether the proffered documents are in compliance with such statutes. 34 Op. Att'y Gen. 181 (1945); 6 Op. Att'y Gen. 140 (1917).
Based upon this language, I conclude that a register of deeds lacks any independent statutory authority to refuse to record documents that are in compliance with state statutes.[1]
The remaining aspect of your inquiry is whether a county ordinance may empower a register of deeds to refuse to record documents that are in compliance with state statutes governing the recordability of documents but that are not in compliance with a county subdivision ordinance requiring the preparation of a certified survey map in connection with certain land divisions.
In 77 Op. Att'y Gen. at 262, I also stated as follows: *Page 42 
 It is well settled that "statutory powers and duties conferred upon a county officer cannot be narrowed, enlarged, or taken away by a county board unless the legislature has authorized such action." Harbick v. Marinette County, 138 Wis.2d 172, 179, 405 N.W.2d 724
(Ct.App. 1987). See also Reichert v. Milwaukee County, 159 Wis. 25, 35, 150 N.W. 401 (1914); 24 Op. Att'y Gen. 78, 80 (1935); 14 Op. Att'y Gen. 590 (1925). Moreover, in 77 Op. Att'y Gen. 113, 115 (1988), I concluded that "neither the various elective county officers nor their constitutional or statutory duties, functions and authority can be abolished, consolidated or altered" under section 59.025, Stats., the county administrative home rule statute.
The phrase "by law" in section 59.51 (1) and (15) provides the county board with no authority to enact ordinances imposing additional obligations on the register of deeds "since the statutory phrase `by law' ordinarily does not encompass county ordinances. 66 Op. Att'y Gen. 149, 153 (1977); 63 Op. Att'y Gen. 108, 112 (1974)." 78 Op. Att'y Gen. 143, 145, (1989). That construction of the phrase "by law" was applied to section 59.51 in 14 Op. Att'y Gen. 590 (1925). I also find no other statute which would authorize a county board to enact an ordinance permitting or requiring a register of deeds to refuse to record legal instruments of the kind you describe.
I therefore conclude that a register of deeds may not refuse to record instruments that are recordable under state law but are not in compliance with a county subdivision ordinance requiring the preparation of a certified survey map in connection with certain land divisions, even if requested or directed to do so by county ordinance.
DJH:FTC
[1] Given this conclusion, it is not necessary for me to address that portion of your correspondence dealing with potential liability for voluntary compliance by the register of deeds with such a county ordinance. However, I perceive no liability problems if the register of deeds voluntarily alerts county zoning or platting officials that certain legal instruments should be examined for compliance with a county subdivision ordinance, or if the register of deeds voluntarily alerts the presenter of the document that such action is contemplated, provided of course that the register of deeds does not refuse to record those legal instruments. *Page 43